SCHEIKE vs. JOHNSON and others.

*Reversal of Judgment.*

**A** judgment will not be reversed because some proposition in the judge's charge to the jury was not strictly accurate, if upon the whole charge the jury could not have been misled as to the law applicable to the case presented by the appellant's evidence.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action under the statute relating to mills and mill dams, to recover damages for flowing plaintiff's land, and to abate the dam. The answer, among other defenses, set up the statute of limitations in bar.

The testimony on the part of the plaintiff tended to show a greater flowage in the years 1873 and 1874 than prior to that time; while that of the defendant tended to establish a flowage to an equal or greater extent in previous years, and for a period ranging from twelve to twenty years prior to the commencement of the action.

The exception taken to the charge of the court, comprising the point upon which this appeal was argued, and so much of the charge as is necessary to an understanding of the case, appear in the opinion.

The defendants had a verdict and judgment, and the plaintiff appealed.

*J. M. Gillet,* for the appellant, argued that the rule laid down by the court in its charge required the plaintiff to show a flowage greater than that existing and exercised ten years prior to the commencement of the action, regardless of any recession of the waters during the interval, whereas defendants' rights were limited by the permanent flowage during the ten years; and that it prevented a recovery as to any portion of the land flowed within the three years prior to the action, in case a part had been flowed for ten years, which was erroneous.

*G. W. Bird*, for the respondents, as to the correctness of the charge, cited Tay. Stats., 812, 814, §§ 3, 4, 13, 15, 16, 17, and 818, § 42; *Rooker v. Perkins,* 14 Wis., 79; *Haag v. Delorme,* 30 id., 591; *Ruehl v. Voight,* 28 id., 153; *Janssen v. Lammers,* 29 id, 88. He also contended that the exceptions were not sufficiently specific to present any question for review, citing *Morse v. Gilman,* 18 Wis., 373; *Tomlinson v. Wallace,* 16 id., 225, and cases cited in note.

COLE, J. On the argument, all exceptions to the rulings of the court on the trial were abandoned except those taken to some portions of the charge. Exceptions were taken to the charge relating to the defense of the statute of limitations. Upon that point the court, among other things, instructed the jury that if the plaintiff's lands or some portion of them were flowed by reason of the dam for ten years next before the commencement of the action, to the same degree and uniform height that they were at the commencement of the action, and since, then the verdict must be for the defendants.

The criticism upon this charge is, that if the plaintiff had only ten acres flowed at the time the suit was brought, but had had forty acres flowed three years before that time, under this rule of the court the ten years flowing of the ten acres would bar a recovery for the injury to the forty acres flowed three years before the action was commenced, and subsequently, though the forty acres might not have been actually flowed for the full period required by the statute of limitations. The whole charge must be construed together and with reference to the issues and evidence in the cause. Under such a rule of interpretation, the charge seems to be sufficiently accurate and precise. The complaint was for the flowing and injury done to ninety-three acres of land, or some part thereof, belonging to the plaintiff. An effort was made on the trial by the plaintiff to prove that more of his land was flowed in the years 1873 and 1874 than had been

prior to that time. Indeed the plaintiff himself testified that in 1871 a very small part of his land was below water, and that the portion flowed "was around the river, not much outside." So that really no such state of facts existed or was attempted to be proven as is supposed in the illustration made use of to show the incorrectness of this part of the charge. But besides, in immediate connection with this paragraph of the charge criticised, the court told the jury that if they found "from the testimony that the plaintiff's land or some part of it is flowed or otherwise injured by the dam, then, to make the statute of limitations of ten years available as a defense to the defendants, they must show that the water has been kept up by the dam to the same uniform height as that complained of as being increased flowage, for a period of ten years or more next preceding the commencement of the action; and the defendants are bound to make such showing by a preponderance of testimony. If the plaintiff's land was flowed by reason of the dam ten years next before the commencement of the action, he is not entitled to recover, unless there has been increased flowage within that time. *    * To entitle the plaintiff to recover in case you shall find that his land or some part of it is flowed or otherwise injured by the dam, it is not necessary that the dam should have been the sole cause of the increased flowage or injury; for though there may have been other obstructions, yet if you shall find from the testimony that but for the dam there would have been no increase of water on the lands, or that by reason of the dam the flowage or injury has been greater than it was before, the dam is to be deemed a cause of the increased flowage or injury. If within ten years next preceding the commencement of this action, by reason of increase in the height of the dam or because of any new obstruction, the dam has caused more of the plaintiff's land to be flowed uniformly or otherwise injured, for such increase the defendants are liable for damages as though no

right to keep up the water had ever been acquired at all." These quotations are sufficient to show the general import of the charge; and when the charge is considered with reference to the evidence, it is unobjectionable. The criticism passed upon it, or upon portions of it, seems to us over nice and refined, and fails to point out any error which could have misled the jury. Of course, when the plaintiff showed that any portion of his land was flowed or injured by the defendants' dam, it was incumbent on them to establish a prescriptive right thus to flow it. This was the issue in the case, and it appears to have been submitted upon the evidence, with no misdirection as to the law.

*By the Court.* — The judgment of the circuit court is affirmed.