## KIDD vs. FLEEK.

NEW TRIAL: APPEAL: REVERSAL: EVIDENCE. *(1) New Trial. (2) What questions considered on appeal. (3) Degree of evidence required to sustain justification in slander. (4–7) Evidence. (8) What errors in instructions will reverse.*

1. In this case there was evidence to support the verdict; and this court cannot hold that the court below abused its discretion in refusing a new trial.

2. In slander, no question having been made by plaintiff in the court below upon the *degree* of evidence necessary to support the defendant's justification, the question cannot properly be raised here.

3. To sustain a justification in slander, is is not necessary to satisfy the jury beyond reasonable doubt.

4. Where, in slander, a witness had testified to a declaration of defendant charging plaintiff with theft, he was asked whether he understood defendant to make the charge. *Held,* immaterial and improper.

5. A witness who had testified to a declaration of defendant charging plaintiff with theft, and stating the circumstances, was asked if he knew *who* was charged. *Held,* immaterial and perhaps improper.

6. A witness who had testified that he witnessed the theft, of corn, from defendant's cornfield, and that he visited the *locus in quo* some time afterward, was asked what he saw there, and answered that "corn had been husked there." *Held,* competent.

7. In the same action plaintiff testified that her family had corn of their own, and stated how much; but the latter statement was stricken out on defendant's motion. *Held,* immaterial.

8. A judgment will not be reversed for an instruction which was not erroneous when taken in the sense in which the jury must have understood it.

APPEAL from the Circuit Court for *Green* County.

Slander. The complaint contained two counts, relating to language used on two different occasions, the alleged defamatory charge against plaintiff in both cases being, in substance, that she had been guilty of the crime of larceny in stealing corn from the defendant. The answer alleged "that the supposed slanderous matters set up in the complaint are true of the plaintiff;" and further set out the facts which induced defendant to make the charge complained of.

The exceptions taken to the rulings of the court upon evidence, and to the instructions given, will sufficiently appear from the opinion.

Defendant had a verdict; a new trial was denied; and plaintiff appealed from a judgment on the verdict.

The cause was submitted on the brief of *Smith & Lamb* for the appellant, and that of *Winans & McElroy* for the respondent.

Counsel for the appellant, besides arguing the exceptions to other rulings of the court in respect to evidence, contended that defendant, having pleaded the truth of the defamatory words in justification, was bound, in order to have a verdict in his favor, to make proof of the larceny charged upon plaintiff, with the same strictness as if plaintiff had been on trial for that crime (2 Greenl. Ev., 5th ed., § 426); that there was no sufficient evidence to sustain the verdict, under that rule; and that the refusal of a new trial was therefore error.

RYAN, C. J. There was evidence to support the verdict, and this court cannot hold that the court below abused its discretion in refusing a new trial. *Janssen v. Lammers*, 29 Wis., 88; *Paine v. Roberts*, id., 642.

No question was made in the court below upon the degree of evidence necessary to support the respondent's justification. The question cannot, therefore, be properly raised in this court. *Butler v. Carns*, 37 Wis., 61. But it was not necessary to satisfy the jury beyond a reasonable doubt. *Washington U. I. Co. v. Wilson*, 7 Wis., 169; *Wright v. Hardy*, 22 Wis., 348; *Blaeser v. Ins. Co.*, 37 Wis., 31.

A witness had testified to a declaration of the respondent charging the appellant with theft. He was then asked whether he understood the respondent to make the charge. The question was quite immaterial, and indeed improper, because it called for construction by the witness of language needing none, if the witness were competent to give it.

Another witness had testified to a declaration of the respondent charging the appellant with the theft, and stating the circumstances. He was then asked if he knew who was charged. This question was also immaterial, and perhaps improper, for similar reasons.

Again, a witness had given evidence tending to show that he witnessed the theft from the respondent's cornfield. He visited the *locus in quo* some time after. He was asked what he saw. He answered that corn had been husked there. This was of little weight, but was competent.

The respondent had charged the appellant with stealing corn. The appellant testified that her family had corn of their own. She was asked and stated how much. The answer to the latter question was stricken out on motion of the respondent. It is difficult to understand why the appellant should desire to make the statement, or the respondent to exclude it. It was quite irrelevant. It might possibly have some bearing on the question of the appellant's guilt of the crime imputed to her, that she was under no temptation to commit it; but the degree in which she was removed from temptation was certainly immaterial.

The learned judge of the court below told the jury that it was not pretended that the corn could have been stolen, except by the appellant's entry into the respondent's field. It is argued here that this tends to impute the crime to the appellant. But, read in the light of the whole charge, it manifestly signifies, and the jury must have understood it to signify, that the appellant could not have stolen the corn except by entry into the cornfield. *Scheike v. Johnson,* 39 Wis., 384; *Dorsey v. Construction Co.,* 42 Wis., 583.

These are the only errors assigned. Little stress is laid upon any of them here, and they do not appear to warrant an appeal to this overburdened court.

*By the Court.* — The judgment of the court below is affirmed.