Born vs. Rosenow.

---

BORN, Respondent, vs. ROSENOW, Appellant.

*March 22 — April 11, 1893.*

*Slander: Pleading: Evidence: Damages.*

1. In an action for slander a complaint which did not state in the charging part that the words alleged to have been spoken were false or defamatory, but did, in the conclusion, aver that "all of said words were false and defamatory," and that "by reason of the speaking of said false, slanderous and defamatory words" the plaintiff was damaged, etc., is *held* sufficient, on a demurrer *ore tenus.*

2. In such action testimony as to statements made by defendant in regard to plaintiff previous to the alleged slander, were admissible to show malice; and the fact that defendant spoke in German and that the witness who understood both German and English testified to such statements in English, did not render the testimony incompetent.

3. A question which merely suggests a subject without suggesting any answer, is not leading.

4. An award of $500 damages for the speaking of slanderous words charging indecent exposure of person, is *held* not excessive.

APPEAL from the Circuit Court for *Waukesha* County.

This is an action of slander.   The complaint alleges, in effect, that July 9, 1890, at Oconomowoc, the defendant, in a certain discourse in the presence and hearing of certain other persons, maliciously spoke and published of and concerning the plaintiff words to the effect that she was licentious and indecently exposed her person; that July 14, 1890, at Oconomowoc, in a certain other discourse in the presence and hearing of divers other persons, the defendant ma-

liciously spoke and published of and concerning the plaintiff certain other words to the same effect and that she again indecently exposed her person; that July 17, 1890, at Oconomowoc, in a certain other discourse in the presence and hearing of divers persons, the defendant maliciously spoke and published of and concerning the plaintiff certain other words to the same effect and also that she again indecently exposed her person; that all of said words were false and defamatory; that by reason of the speaking of said false, slanderous, and defamatory words by the defendant the plaintiff was damaged in the sum of $5,000; and demanded judgment accordingly.

The defendant answered, and in effect denied each and every allegation contained in the complaint, except as therein admitted; and as a further defense to the cause of action alleged for speaking the words on July 17, 1890, the defendant alleges, as the facts are, that on July 17, 1890, at Oconomowoc, defendant was a witness in an action tried before a justice of the peace, in which the state was plaintiff and the plaintiff herein was defendant, subpœnaed on behalf of the state, and that as such witness he stated under oath, in answer to the questions put to him, the words alleged in the plaintiff's complaint, which is one of the publications complained of, but denies that he spoke said words in any other manner, form, or place, or for any other reason only as such witness; and as a further defense alleges that the supposed defamatory words set forth in the complaint in said last alleged cause of action, and all the other supposed defamatory words set forth in said complaint which charge the plaintiff with the crime of indecent exposure of person, are each and all of them true.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages at the sum of $500. From the judgment entered thereon the defendant appeals.

*Harlow Pease,* for the appellant.

For the respondent there were briefs by *Ryan & Merton,* attorneys, and *Kelly & Hale,* of counsel, and oral argument by *E. Merton* and *John A. Kelly.*

CASSODAY, J.   It is strenuously contended that the demurrer to the complaint *ore tenus* should have been sustained.   The ground of this contention is that it is not alleged in the charging portions of the complaint that the words alleged to have been spoken were *false* or *defamatory.*   It is alleged, in the conclusion thereof, in a general way, however, "that all of said words were false and defamatory," and "that by reason of the speaking of said false, slanderous, and defamatory words by the defendant the plaintiff has been greatly damaged in her good name and reputation."   It has long been settled in this court that where the sufficiency of the complaint is thus raised for the first time on the trial, more latitude of presumption will be indulged to sustain it than where the objection is taken by regular demurrer.   *Hagenah v. Geffert,* 73 Wis. 641.   Under this rule we must hold the complaint sufficient, whatever might be our views had the question been raised by regular demurrer.   For the same reason we must hold that there was no error in refusing to strike out a portion of the complaint.

The testimony of Augusta Block as to what she had heard the defendant say about the plaintiff three or four years prior to the trial was objected to on the ground that it was incompetent and immaterial.   It was admitted only as tending to show malice, and upon that ground it appears to have been admissible.   The mere fact that the defendant spoke in German what was so testified to by the witness, and that the witness, who appears to have understood both the English and the German, testified to the same in English, did not, in our judgment, render the tes-

timony incompetent. The court expressly charged the jury to the effect that such evidence was not received as tending to prove, and could not have the effect of proving, a cause of action, but simply as tending to prove malice, which might be considered in estimating damages, if the jury should conclude that the causes of action alleged in the complaint had been proved.

After a witness had exhausted his recollection as to what was said upon a particular occasion, he was asked whether anything was said about a particular subject. The defendant objected on the ground that it was leading. We do not regard a question as leading which merely suggests the subject without suggesting any answer.

The charge of the court appears to be full and fair throughout, and the exceptions to portions of it must be overruled. There was no error in charging the jury that they might impose punitory damages in case they found that the words alleged were deliberately and maliciously spoken with intent to injure the reputation and character of the plaintiff. Nor do we think the damages excessive.

*By the Court.*— The judgment of the circuit court is affirmed.