Hacker vs. Heiney.

HACKER, Respondent, vs. HEINEY, Appellant.

*September 5 — September 24, 1901.*

*Slander: Evidence: Instructions: Immaterial errors: Damages: Mitigation: Presumptions: Punitive damages: Mental suffering: Court and jury: Improper argument of counsel.*

1. While defendant's counsel in an action for slander was opening the case the court ruled that he would not be permitted to show trouble between defendant and one of plaintiff's witnesses; but, upon argument, immediately withdrew the ruling and reserved the question until the witness was called, when no adverse ruling was made. *Held*, not prejudicial.
2. Objection to evidence of substantial repetitions of a defamation at times other than those specified in the complaint being first made during the opening argument, the court ruled that such evidence was admissible only as tending to prove express malice. *Held*, that if the defendant desired such restriction further impressed upon the jury, a request therefor should have been made.
3. Except in case of the omission of any instruction whatever upon vital issues, error cannot be assigned upon refusal to give an instruction unless it was formally requested in writing.

Hacker vs. Heiney.

4. A witness should not be permitted to testify to his understanding of words charged as slander. In this case, however, the words as to which the witness testified not having been charged as slander in the complaint, but being merely one of several repetitions, offered as tending to show malice and having relation to the question of exemplary damages, and the trial court having required remission of $1,000 of the $1,600 damages awarded, the error, if any, in admitting such testimony is *held* not prejudicial.

5. An award of $600 damages for repeatedly charging a virtuous and reputable married woman with whoredom is not excessive, especially where the jury might have found express malice and awarded punitory damages.

6. In an action against a married woman for charging plaintiff with whoredom, testimony that years of ill health had caused defendant to be very jealous of her husband is admissible, if at all, only as tending to mitigate damages, and not for that purpose unless the fact is properly pleaded.

7. Oral charges of unchastity being actionable *per se*, the presumption arises, without proof, that the person defamed suffered those general damages which are the natural and necessary result of such wrong, i. e. injury to her reputation, and mental pain and humiliation; and such presumption is not overcome by evidence that two of the four hearers disbelieved the charge,— nonbelief of the hearers being merely a fact to be taken into consideration by the jury in awarding damages.

8. Where there are numerous repetitions of a defamatory charge, the question of express malice and punitory damages is for the jury.

9. The rule that there can be no recovery for mental suffering unless accompanied by other actual damages does not apply to cases based on malice.

10. A charge of whoredom against a virtuous and reputable woman necessarily subjects her to anguish of mind and humiliation, and the court may properly so instruct the jury.

11. Objectionable remarks in argument to the jury, which were of such a character that they might easily have been remedied had the attention of the trial court been called to them when made, but were not then objected to and are brought into the record only by affidavit upon a motion for a new trial, will not work a reversal.

12. Where, in an action to recover damages for charging plaintiff with unchastity, no claim was made, either in the pleadings or proof, that plaintiff was other than the most virtuous, or that defendant had any ground whatever to doubt her chastity, statements of. plaintiff's counsel in his argument to the jury that a verdict in

Hacker vs. Heiney.

defendant's favor would mean virtually that plaintiff was a whore, are *held* to have been an abuse of the privilege of counsel, but to have been so obviously untrue that the jury could not have been misled thereby.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Action for slander, in which it was alleged that the defendant spoke of and concerning the plaintiff, on the 15th day of August, 1899, the words, "She is a whore," in the presence of Robert C. Hacker and divers other persons; and that on or about the same day, in the presence of Mrs. Frank Heiney and others, she spoke the words, "There goes that white-headed whore;" and that on the 9th of December of the same year, to the plaintiff, in the presence of her husband, defendant said, "I have reasons for calling you a whore." The answer merely denied the speaking of the words at any time. Testimony was given of the speaking of the words alleged as slanderous at or about the time set forth in the complaint, and also of substantial repetitions of the charge on various other occasions. The court submitted the case to the jury, with directions permitting both compensatory and exemplary damages, and a verdict of $1,600 was returned, from which, on motion for a new trial, the plaintiff was required to remit $1,000, which she did, whereupon the motion for a new trial was overruled and judgment entered for $600 damages and costs, from which the defendant appeals.

For the appellant there was a brief by *Bashford, Aylward & Spensley*, and oral argument by *R. M. Bashford.*

For the respondent there was a brief by *Jones & Stevens*, and oral argument by *E. Ray Stevens.*

DODGE, J. The alleged errors discussed by appellant are numerous, and several of them so obviously ill assigned or immaterial as to require but passing mention.

Exception was taken to a statement of respondent's attorney in his opening that a witness (Hacker) had heard defendant quarreling with her husband and accusing him of improper relations with plaintiff. The assertion was fully supported by the testimony of Hacker, who details several connubial clashes very fairly satisfying the designation "quarrels," and in one answer he categorically asserts that "as they were quarreling she used to say, 'You always go out whoring,'" etc.

Complaint is made that the court ruled, while appellant's counsel was opening the case, that he would not be allowed to show trouble with this witness Hacker. That ruling was, however, upon argument, immediately withdrawn, and question reserved till Hacker should be on the stand. At that stage no adverse ruling was made.

Plaintiff's witnesses were allowed to testify to substantial repetitions of the defamation at times other than those specified in the complaint. Appellant urges that such testimony should have been admitted only as tending to prove express malice. We find, however, that, when objection to this class of testimony was first suggested in plaintiff's opening, the court did rule that such was the ground of its admissibility. In this position the court was correct. *Born v. Rosenow*, 84 Wis. 620. If defendant desired that restriction further impressed on the jury, a request therefor should have been made.

Error is assigned on failure of the court to give the jury an instruction not reduced to writing, nor even to words, but of which merely the general idea was suggested orally by appellant. Specific error can be assigned only upon refusal to give an instruction formally requested in writing. Sec. 2853, Stats. 1898, evidently contemplates this protection to the trial court in commanding that a requested instruction be given in its exact words or refused *in toto*. Of course, there may be issues so vital that omission of any

instruction whatever thereon is itself error unless excused by a party's failure to call attention to it. *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109; *Dugal v. Chippewa Falls,* 101 Wis. 533. But that rule has no application to the request in this case, which related merely to a detail of evidence. Further than this, however, we find that the court did in fact adequately convey the suggested idea in the charge which he gave.

The contention that the amount of recovery is excessive cannot be considered seriously. We are not prepared to say that $600 is in excess of even reasonable compensatory damages to the reputation and feelings of a virtuous and reputable married woman from the repeated charge of whoredom. Far more impossible is it to hold such sum excessive where the jury may well have found express malice and been entitled to include in their verdict a measure of punishment for such gross and unjustifiable conduct as the defendant's.

Error is assigned upon the admission of certain testimony of the witness Robert Hacker, as follows: He had described an occasion when defendant's husband went down to Otto Hacker's (plaintiff's husband's) house for rubber boots, and on his return was greeted by defendant with the words, "You have been out whoring again." Witness was then asked, "Whom did you understand that she referred to?" and answered, over objection and exception, "Why, it was *Bertha* [plaintiff], because he went down to that place after the boots." It is undoubtedly erroneous to permit a witness to testify to his understanding of the words charged as slander. Townshend, Slander & L. § 375*a; Kidd v. Fleek,* 47 Wis. 443. In this instance, however, the words under consideration were not among those charged as slander in the complaint, but were merely one of several repetitions of the same charge against the plaintiff, offered and received as tending to prove express malice, and having relation, not

to defendant's guilt, but to the question of exemplary damages. If any error was committed in admitting this evidence, its effect upon the verdict could have been hardly appreciable, for numerous other repetitions were fully proved. We are satisfied that, if any enhancement of the verdict could be ascribed to this evidence, the $1,000 remission made in the court below wholly eliminated it from the judgment now appealed from, and that defendant has suffered no prejudice. Counsel asserts that the same error was committed in the examination of Maria Heiney, but an examination of the printed case fails to verify the statement.

After defendant had testified to years of ill health, she was asked whether such illness had caused her to be very jealous of her husband, which question was excluded. The relevancy of the inquiry is not apparent, unless as tending to mitigate damages. It could not be admitted for that purpose, for no such fact was pleaded. *Langton v. Hagerty*, 35 Wis. 150; *Wilson v. Noonan*, 35 Wis. 321; *Reiley v. Timme*, 53 Wis. 63.

Appellant urges that nonsuit should have been granted, because plaintiff suffered no actual damages. This position is not easy to understand. The authorities are overwhelming to the proposition that from the speaking of words actionable *per se* a presumption of actual damage arises. *Candrian v. Miller*, 98 Wis. 164, 167. In this state an oral charge of unchastity is actionable *per se*. *Mayer v. Schleichter*, 29 Wis. 646. The conclusion follows, without further proof, that plaintiff suffered those general damages which are the natural and necessary result of such a wrong, namely, injury to her reputation, and mental pain and humiliation. See 18 Am. & Eng. Ency. of Law (2d ed.), 1081, par. 3. Appellant argues, however, that, because two of the four persons before whom the charge was made say they did not believe the statement, this presumption is wholly rebutted as matter of law. That contention cannot be sustained. The fact of

nonbelief, even if by all the hearers, is merely one for the jury to consider in fixing the amount of damages. True, uncredited defamation ordinarily is less injurious than if believed; but neither reputation nor feelings are immune to repeated charges like the one here made, and the court cannot say as matter of law that such disbelief wholly overcomes the presumption. *Bishop v. Journal N. Co.* 168 Mass. 327; *Langton v. Hagerty*, 35 Wis. 150, 160. In this case there was no evidence that Frank Heiney and defendant's husband, David Heiney, did not fully credit the defamatory statements, for which reason it is unnecessary to pursue further the argument based on the assertion of disbelief by hearers of the slander. The presumption of actual damage, both to reputation and feelings, is not overcome, and appellant's argument that punitory damages cannot be recovered in absence of any actual damages becomes inapplicable. There being evidence of numerous repetitions of the defamatory charge, the question of express malice and of punitory damages was open to the jury. *Templeton v. Graves*, 59 Wis. 95, 100; *Born v. Rosenow*, 84 Wis. 620.

Neither need we consider the contention of appellant that, in absence of some other actual damage, no recovery can be had for injury to feelings, for other actual damage is established. The rule for which appellant contends has been applied only to cases of negligence, or of alleged personal injury, where the mental suffering can result only from the injury and not from the tort. *Summerfield v. W. U. Tel. Co.* 87 Wis. 1; *Gatzow v. Buening*, 106 Wis. 1. It has never been applied to cases of malice, such as false imprisonment and slander. The distinction is carefully explained in an opinion by the chief justice in *Ford v. Schliessman*, 107 Wis. 479.

Appellant assigns error upon an instruction to the effect that the words complained of, if uttered, would charge "plaintiff with a serious offense, necessarily subjecting her

to anguish of mind and humiliation." It is insisted that the court usurped the function of the jury in making this statement. We cannot think so. No other conclusion is open to any reasonable mind than that such a charge as defendant made must necessarily cause anguish and humiliation to a virtuous woman, enjoying good name and reputation. Some facts are certain enough for judicial cognizance, and that is one of them.

Appellant urges that the charge to the jury is open to the criticism passed on that in *Gatzow v. Buening*, 106 Wis. 1, where the trial court apparently authorized three classes of damages,— actual, compensatory, and exemplary,— and it was pointed out that "actual" and "compensatory" damages were synonymous terms. We find no such vice in the charge in this case; on the contrary, the court obeyed the suggestion contained in the *Gatzow Case*, instructing the jury that plaintiff was entitled to receive compensatory damages, consisting of injury to her reputation and to her feelings, and also, if the evidence warranted, punitory damages, aptly defined. No error was thus committed.

Numerous complaints are made of remarks and arguments addressed to the jury by the respondent's attorney. While some of these are somewhat sophistical, yet most are in the character of argument, and their unsoundness, if unsound, was rather for the opposing counsel to counteract by argument than to criticise by exception. They are all, however, of a character which might easily have been remedied had they been called to the attention of the court when made, and, inasmuch as neither objection was made to them nor the ruling of the court taken thereon, they being brought into the bill of exceptions only by affidavit upon a motion for new trial, we cannot consider them ground for reversal, even if any of them might so have been if properly excepted to. One statement of counsel did, however, receive due objection, and that was the assertion by respondent's

Hacker vs. Heiney.

counsel to the jury: "A verdict for the defendant in this
case means what? It means virtually that she is a whore."
That was objected to, and some qualification made, still
preserving the idea that in some contingencies a verdict for
the defendant would be an assertion of the plaintiff's bad
character. The court did not repudiate this idea upon the
objection being made, only saying, "The jury will pass
upon the testimony." This statement of counsel has no jus-
tification whatever. It was wholly impossible that any
verdict which the jury could render would carry any impli-
cation of guilt as against the plaintiff. It was neither sug-
gested in the answer nor in the evidence that she was other
than the most virtuous, not even that the defendant had any
ground whatever to doubt the plaintiff's chastity; and it
certainly was unworthy of counsel high in the profession to
attempt to inject so false and unfair an issue into the minds
of the jury. It was an affront to the intelligence of the
latter, for it is inconceivable that counsel made such state-
ment without the hope, at least, that he might mislead them
into belief that the plaintiff's virtue was in some measure
on trial before them.

If the question before us were simply approval or disap-
proval of the conduct of the counsel, we should not hesitate
as to the conclusion. That, however, is not the question, but
whether it is made reasonably to appear to us that the cause
of justice has been thwarted, and that the defendant has suf-
fered prejudice. Upon careful examination of the trial and
of the argument, as disclosed by the affidavits of the respec-
tive parties, and in deference to the view of the trial court,
we have reached the conclusion that it does not appear that
any prejudice resulted from this statement. Some asser-
tions are so impossible, so radically opposed to known facts,
that they cannot mislead, and we are inclined to think that
the issue apparently attempted to be tendered by these words
was so grossly and obviously false that the jury could not

have been misled to believe in it. It is deemed impossible that reasonable men, of presumptive average intelligence, who had sat and listened to this trial, where the sole and only issue was whether the defendant spoke the words charged, and where at all stages it was made apparent that the defendant made no claim that plaintiff was of bad character, or that she even believed such fact to exist, could, for a moment, have believed the counsel's statement that they had the issue of plaintiff's morality before them, or that any verdict they might render could be construed into passing upon that question. The trial court evidently reached the conclusion that these remarks were innocuous to the defendant, as he overruled a motion for a new trial.

In justice we should say that the remark above criticised did not emanate from either of the counsel who appear for the plaintiff upon the record in this court.

After a careful review of the whole case, we find no prejudicial error warranting reversal.

