BRUSKE, Respondent, vs. NEUGENT, Appellant.

*January 13—February 3, 1903.*

*Assault and battery: Precise date of offense: Instructions to jury: Evidence: Credibility of defendant: Damages.*

1. In an action for assault and battery the plaintiff made no pretense in her testimony of an assault on more than one occasion, and fixed that occasion with absolute positiveness on a certain day. The defense, besides direct contradiction of any assault, consisted of evidence tending to prove an *alibi* on the day specified. *Held*, that it was not error to give to the jury an instruction, in substance, that it was not essential that the evidence show that the acts complained of were committed on the day alleged; that if the evidence satisfied the jury that the act was committed at or about that day, and it was the very act described in the complaint, then it did not defeat the action if the date alleged in the complaint was not the precise day on which the specified act was committed. *Taylor v. Young*, 61 Wis. 314, 21 N. W. 408, followed.

2. In such case, the court gave an instruction, in substance, that, if the jury believed the defendant's testimony that he committed no assault, they must render a verdict in his favor. The jury were also instructed to consider and weigh the evidence and credibility of each witness who had testified in the case. *Held*, that the instruction was not so framed as to lead the jury to think they were merely to compare the plaintiff's testimony with defendant's testimony, and to exclude from their consideration all other testimony.

3. In an action for assault and battery, in attempting undue familiarity with plaintiff and subjecting her to immoral solicitation, a verdict of $500 is not excessive although the physical and pecuniary injury may be insignificant.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Action for assault and battery in attempting undue familiarities with the plaintiff, and subjecting her to immoral solicitation. The plaintiff, in her testimony, made no pretense of more than one occasion when anything of the sort took place, and fixed the occasion with absolute positiveness on Saturday, June 22, 1901. The defense, besides direct contradiction of any such event, consisted in evidence tending to prove an *alibi* on the 22d of June; such evidence, however, leaving at least a possibility of the presence of the defendant at the plaintiff's house at about the hour fixed by her for the acts complained of. The court charged the jury, among other things, over appellant's exception, to the following effect:

"But it is not essential to the maintenance of this action that the evidence shall show that the acts complained of were committed on June 22, 1901. If the evidence satisfies you that the acts were committed at or about that time, and if they were the very acts described in the complaint, then it does not defeat the plaintiff's action if the date alleged in the complaint is not the precise date on which the alleged acts were actually committed, and if the specified date is a mistake."

Upon a general verdict for $500, judgment was rendered in favor of plaintiff for that sum, from which the defendant appeals.

*Simon Gillen,* for the appellant.
*M. C. Mead,* for the respondent.

DODGE, J. 1. The first error assigned is the giving of the instruction quoted in the statement of facts; it being contended that such an instruction is misleading, where the plaintiff's evidence is confined to a definite event at a definite time, because of a tendency to lead the jury to believe that they may go outside of the evidence, and, although they do

not believe that the assault was committed on the day named, nevertheless may find such assault was committed at some other time. Confessing that there is much force to this argument, and that, if the question were a new one, we might incline to adopt it, still we feel constrained to adhere to the views expressed in *Taylor v. Young,* 61 Wis. 314, 21 N. W. 408, which has now stood for many years with no intimation of criticism. That case fully supports the application of the rule of law contained in the instruction to the situation presented in this case, and upon its authority we hold that no error was thereby committed.

2. Some complaint is made that certain instructions were so framed as to lead the jury to think that they were merely to compare the plaintiff's testimony with the defendant's as to whether the assault was in fact committed, and to exclude from their consideration all other testimony, some of which tended to show indefiniteness of memory in the plaintiff, or even wilful falsification by her, and other of which tended, as has been already said, to establish an *alibi.* We do not think the portions of the charge mentioned subject to this criticism. While the jury were told that, if they believed the defendant's testimony that he committed no assault, they must, of course, render a verdict in his favor, there was in this no suggestion that his was the only evidence tending to that result; and they were also instructed to consider and weigh the evidence and credibility of each witness who had testified in the case. We think that the whole charge fairly submitted to the jury for consideration the relative weight of all the evidence tending for or against either party, and are unable to say that any error prejudicial to the defendant appears therein.

3. The verdict is assailed as excessive in amount. With this contention we cannot agree. The mere physical or pecuniary injury was, of course, insignificant; but the outrage to the feelings of a modest and chaste woman, resulting

from the immoral solicitation which she testifies accompanied the assault, is such that we cannot feel justified in deeming an allowance of $500 so grossly excessive as to warrant this court in interfering. *Hacker v. Heiney,* 111 Wis. 313, 317, 87 N. W. 249.

*By the Court.*—Judgment affirmed.