GREELER, Appellant, vs. REDMOND, Respondent.

*September 19—October 7, 1913.*

*Slander: Proof of words spoken: Explanations: Statements on other
occasions: Instructions to jury.*

1. In an action for slander it was not error to charge the jury that
plaintiff must prove the speaking of the words alleged in the
complaint and that proof of the speaking of similar words is
not sufficient; although, if it had been requested, the court
might properly and doubtless would have added that proof of
substantially the same words would suffice, and that mere in-
significant differences in the form of expression, such as the
substitution of a pronoun for a proper name and the like, would
not prevent a verdict for plaintiff.

2. Statements made by defendant on a different occasion than that
of the alleged slander are not to be considered on the question
of his liability but only on the question of malice.

3. The words alleged to have been spoken being, "G. forged a
check," it was not error to charge the jury that, even if those

words were used, still there could be no recovery if at the same time and in the same connection defendant made a statement *indicating* that he only intended to charge plaintiff with writing defendant's name on a check without authority,—the word "indicating" being construed in its natural sense as meaning indicating to the hearers.

APPEAL from a judgment of the circuit court for Clark county: F. C. ESCHWEILER, Judge. *Affirmed.*

*Emery W. Crosby,* attorney, and *R. J. MacBride,* of counsel, for the appellant.

*S. M. Marsh,* for the respondent.

WINSLOW, C. J. This is an action of slander. The alleged slanderous words were, *"Frank Greeler* forged a check." The defendant denied using the word "forged," but admitted that he charged plaintiff with having indorsed his name to a check without authority. There was a verdict and judgment for the defendant. The only errors deemed worthy of discussion are errors in the charge, and upon consideration of them it is held:

1. The court charged the jury that in order to recover the plaintiff must prove the speaking of the words, *"Frank Greeler* forged a check," and that proof of the speaking of similar words is not sufficient. This is simply a statement of the general rule that the slanderous words charged in the complaint, and not merely words of similar import, must be proven. Doubtless the court would, on request, have added an instruction to the effect that proof of substantially the same words would suffice, and that mere insignificant differences in the form of expression, like the substitution of a pronoun for a proper name, or the like, would not prevent a verdict for plaintiff, as held in *Kloths v. Hess,* 126 Wis. 587, 106 N. W. 251, but there being no such request there was no error.

2. It was not error to charge the jury that they were not to

consider on the question of defendant's liability any statement made by him on a different occasion from that when the supposed slander was uttered.   It is well settled that such statements are only to be considered on the question of malice. *Born v. Rosenow,* 84 Wis. 620, 54 N. W. 1089.

3. It was not error to charge the jury that even though the slanderous words were used, still there could be no recovery if the defendant at the same time and in the same connection made a statement *indicating* that he only intended to charge the plaintiff with writing his (defendant's) name on a check without authority.   Construing the word *indicating* in its natural sense as meaning *indicating to the hearers,* this instruction substantially expresses the law.   *Delaney v. Kaetel,* 81 Wis. 353, 51 N. W. 559.

*By the Court.*—Judgment affirmed.