HYDE, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 15—February 9, 1915.*

*Constitutional law: Freedom of speech: Criminal slander: Evidence:
Instructions to jury: Harmless errors.*

1. Sub. 2, sec. 4569, Stats., making it a misdemeanor for one person
   to slander another, is not an abridgment of freedom of speech as
   guaranteed by sec. 3, art. I, Const.
2. In a prosecution under sub. 2, sec. 4569, Stats., it is not necessary
   to prove that the reputation of the slandered person was in fact
   injured or impaired, it being sufficient that the slanderous words
   "expose him to hatred, contempt, or ridicule."
3. It is sufficient for a conviction in such a case that a substantial
   portion of the words charged in the information be proved to
   have been spoken substantially as charged, although there may
   be slight differences in the form of expression.
4. The mere fact that an instruction was somewhat confused in its
   language is immaterial where it must have been understood by
   the jury in its proper sense.

ERROR to review a judgment of the municipal court of
Brown county: N. J. MONAHAN, Judge. *Affirmed.*

The plaintiff in error seeks to reverse a judgment of con-
viction under sub. 2 of sec. 4569 of the Statutes, which reads
as follows:

"Every person who, in the presence and hearing of an-
other, other than the person slandered, whether he be present
or not, shall maliciously speak of or concerning any person,
any false or defamatory words or language which shall in-
jure or impair the reputation of such person for virtue or
chastity or which shall expose him to hatred, contempt, or
ridicule shall be guilty of a misdemeanor for which said per-
son shall be punished as heretofore provided in subsection 1.
Every slander herein mentioned shall be deemed malicious
if no justification therefor be shown and shall be justified
when the language charged as slanderous, false, or defama-
tory was true and was spoken with good motives and for jus-
tifiable ends."

The punishment provided by the law for violation of this
subsection is imprisonment in the county jail not more than

one year or fine not exceeding $250. The plaintiff in error was fined $50 and costs, amounting in all to $128.78. The words charged to have been used by the plaintiff in error were words ascribing to one Cunningham acts of obscene degeneracy, which it is unnecessary to print. Three witnesses testified to a substantial part though not the entire language charged, while the defendant and one witness testified to the contrary.

Exception was taken by the defendant to the following paragraph of the judge's charge:

"To authorize a verdict of guilty in this case it is not necessary that all the slanderous words alleged in the information should be proved, and in this case if the jury believe from the evidence that a sufficient number of words charged in the information and the charge of immoral conduct against Edward P. Cunningham to have been proved as spoken by the defendant as charged in the information beyond all reasonable doubt, then the jury should find the defendant guilty."

*C. W. Lomas,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. T. Dithmar,* assistant attorney general, attorneys, and *M. E. Davis,* district attorney, of counsel, and oral argument by *Mr. Dithmar.*

Winslow, C. J. In this case it is held:

1. The statute in question is not an abridgment of freedom of speech as guaranteed by the constitution. Freedom of speech does not include license to slander.

2. It is not necessary in a prosecution under this statute to prove that the reputation of the slandered person was in fact injured or impaired. If the slanderous words *"expose* him to hatred, contempt, or ridicule" the offense is committed. This is the plain reading of the statute and in analogy to the law of criminal libel.

3. The instruction excepted to was somewhat confused in its language, but under the evidence could not have misled the jury. It must have been understood to mean that if a

substantial portion of the words charged in the information were proven substantially as charged, it would be sufficient though there might be slight differences in the form of expression. This is a correct statement of the law. *Kloths v. Hess,* 126 Wis. 587, 106 N. W. 251; *Earley v. Winn,* 129 Wis. 291, 109 N. W. 633; *Greeler v. Redmond,* 154 Wis. 503, 143 N. W. 152.

*By the Court.*—Judgment affirmed.