DELANEY, Respondent, vs. KAETEL, Appellant.

*February 4 — February 23, 1892.*

SLANDER. *(1) Evidence: Mitigation of damages.* *(2, 3) Instructions to jury: Malice: Restricted meaning of words.*

1. In an action for slander it was alleged that the defendant said of the plaintiff: "He would steal or rob anybody." "He is a thief, and has stolen my money." "He is a rascal, scoundrel, and thief." Defendant sought to show by a witness other than himself that prior to the alleged slander the plaintiff had said that if he went to Congress he would feather his nest or would fill his pockets. *Held,* that the evidence was not admissible, even in mitigation of damages.

2. It was not error to instruct the jury that the law implies malice from the utterance of the actionable words, where they were further instructed that exemplary damages could only be recovered on proof of *actual* malice.

VOL. 81 — 23

Delaney vs. Kaetel.

3. The defendant having claimed that the words spoken were used in a restricted sense and so as not to impute a crime, it was proper to instruct the jury that in order to amount to a defense it must be shown that all who heard the words spoken understood them in some restricted or mitigated sense.

APPEAL from the Circuit Court for *Dodge* County.

Action for slander. The facts are sufficiently stated in the opinion. There was a verdict in favor of the plaintiff, assessing his damages at $1,500, and from the judgment thereon the defendant appealed.

For the appellant the cause was submitted on the brief of *Barney & Kuechenmeister.* To the point that the trial court erred in rejecting the evidence of statements made by the plaintiff "that if he went to Congress he would feather his nest or would fill his pockets," they cited Townshend, Slander & L. sec. 409; *Bush v. Prosser*, 11 N. Y. 347; *Lawler v. Earle*, 5 Allen, 22; *Eviston v. Cramer*, 54 Wis. 220.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas.*

ORTON, J. This is an action of slander for the following words spoken of the plaintiff by the defendant, omitting the profane adjectives, viz.: "He would steal or rob anybody." "He is a thief, and has stolen my money." "He is a rascal, scoundrel, and thief." The errors relied on to reverse the judgment in favor of the plaintiff will be considered in their order:

1. It is alleged in the defendant's answer, in mitigation of damages, that the plaintiff had said, prior to the speaking of the said words, that he only wanted to go to Washington one term, "and see if I don't feather my nest;" and that he wanted to be elected once to Congress, "and see if I don't fill my pockets." The witness Bruederle was asked

by defendant's counsel if he heard the plaintiff, in October, 1886, say, "if he went to Congress he would feather his nest or would fill his pockets." This question was ruled out, on objection by plaintiff's counsel, and this is assigned as error. This grandiloquent statement of the plaintiff, if true, does not necessarily or even reasonably mean that he intended to get anything dishonestly, and much less to steal it, if he should go to Congress. This evidence would not mitigate the speaking of the above words, because (1) the defendant did not refer to it as authority for speaking them (*Haskins v. Lumsden*, 10 Wis. 359); and (2) it bears no relation to the offense charged (*Wilson v. Noonan*, 27 Wis. 598). It was properly rejected.

2. That part of the instructions of the court in which it is said that "the law implies malice in such cases from the utterance of such mere actionable words" is excepted to as erroneous. It was strictly correct, according to all the authorities. *Brueshaber v. Hertling*, 78 Wis. 498. The court did not say that such implied malice would entitle the plaintiff to recover exemplary damages. The court instructed the jury, and reiterated it, that the plaintiff could recover exemplary damages only on proof of *actual* malice, or malice in *fact.*

3. The appellant complains that the court did not fairly submit to the jury the question whether the words were used in a restricted sense. The court instructed the jury more than once that they should consider whether the words were not used in reference to transactions less than criminal, and explained in that way. The court very particularly restated the evidence of the conduct of the plaintiff in relation to which the defendant spoke the words, and clearly submitted to the jury the question whether the words were not used in that sense. Besides this, the court gave the instruction asked by the defendant's counsel "that it is allowable to show that the defend-

ant at the time of the speaking of the words made such explanations as took away the imputation of crime, or to show that the words spoken had reference to a transaction known and understood to be not a crime." But the court very properly instructed the jury further, "that in order to amount to a defense it must be shown that all who heard the words spoken understood them in some restricted or mitigated sense." It would certainly make no difference if the defendant spoke the words in reference to some transaction not criminal, unless those who heard them spoken understood that they were used in that sense. This qualification is also excepted to, but it was clearly correct. *Bradley v. Cramer,* 59 Wis. 309; *Campbell v. Campbell,* 54 Wis. 90.

There are many criticisms of the instructions of the court to the jury generally in the brief of the learned counsel of the appellant, but no others pointed out specifically as being erroneous. The charge of the court is unusually full and elaborate, covering fifteen pages and forty-four folios of the case, and it is very favorable to the defendant throughout, and gives him every possible advantage of his defense.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.