MARGARET TROST *vs.* THE CITY OF CASSELTON.

Opinion filed July 10, 1899.

**Municipal Corporations—Injury From Defective Sidewalk—Sufficiency of Notice—Necessity of Notice.**

> Section 2172, Rev. Codes, declares that all claims against cities for injuries received by reason of defective sidewalks, etc., shall within 60 days thereafter be presented to the mayor and council by writing duly verified, "describing the time, place, cause and extent of the damage or injury." The following sections declare that no action can be maintained on account of such injury unless such notice has been given. Plaintiff presented her notice in proper time, definitely and distinctly locating the particular place on the sidewalk where the obstruction existed and the injury was received. At the trial her undisputed evidence located the obstruction and injury 100 feet distant from the designated place. Thereupon plaintiff, by leave, amended her complaint to conform to the proof. Thereupon defendant moved to dismiss the complaint as not based upon any sufficient notice. Motion denied, and the question of the sufficiency of the notice submitted to the jury. *Held* error. The sufficiency of the notice was a question of law for the Court, and, as matter of law, such notice was insufficient to sustain the amended complaint.

**Statute Requiring Presentation of Claim Mandatory.**

> The sections of the statute above mentioned are mandatory, and make the presentation of a proper notice a condition precedent to any recovery.

Appeal from District Court, Cass County; *Pollock*, J.

Action by Margaret Trost against the City of Casselton. From a judgment for plaintiff, defendant appealed.

Reversed.

*Pollock & Scott,* for appellant.

The damages are excessive, the plaintiff, a woman of sixty years, received by her fall a bruised arm and shoulder. Dr. Hormell, the only expert for plaintiff, indicated that in his opinion the fall may have caused or aggravated an attack of heart trouble. If chronic heart trouble aggravated the injury, the jury should have found what part of the damage was caused by the fall and what part by chronic disease, and have charged the defendant only with the damage caused by its negligence. *Shumway* v. *Walworth*, 57 N. W. Rep. 251. There was no evidence that the accident was caused as alleged in the notice of claim and in the complaint, viz: by reason of a dangerous obstruction of ice and snow. The evidence did not disclose that the accident was the direct or proximate cause of the damage alleged to have been suffered. *Dolan* v. *City*, 61 N. W. Rep 564; *Lane* v. *City*, 57 N. W. Rep. 93; *Weber* v. *Greenfield*, 42 N. W. Rep. 101. If the plaintiff can show that the defendant had knowledge of all the facts which the law requires to be set forth in the notice, the court can as consistently hold that the giving of city notice of claim is unnecessary and might be dispensed

with. This, however, is not the law. *Shalley* v. *Danbury Ry. Co.,* 30 Atl. Rep. 135; *Underhill* v. *Town,* 46 Vt. 771; *Van Loan* v. *Village,* 60 N. W. Rep. 710. The insufficiency of the notice of the accident was a matter of law for the court. *Owens* v. *City,* 67 N. W. Rep. 281; *Sulzer* v. *Milwaukee,* 73 N. W. Rep. 20. The object of the statute is to make it necessary for a claimant to inform the city council correctly as to the time when the injury occurred, place where and the cause of the injury. *Nichols* v. *Minneapolis,* 16 N. W. Rep. 410. The statute is mandatory and must be strictly pursued. *Gardner* v. *City,* 28 Atl. Rep. 42; *Crocker* v. *Hartford,* 34 Atl. Rep. 98; *Underhill* v. *Town,* 46 Vt. 771; *Christie* v. *Board,* 60 Cal. 164. Neither the allegations in the complaint nor the evidence justified the Court in submitting to the jury the question of damages for future suffering because of the injury. *McBride* v. *St. Paul,* 75 N. W. Rep. 231; *L'Herault* v. *Minneapolis,* 72 N. W. Rep. 73; *Comasky* v. *Ry. Co.,* 3 N. D. 276. The city was justified in waiting a reasonable time the action of its citizens in clearing the walks from snow. *Taylor* v. *Yonkers,* 105 N. Y. 202. The efforts made by the city officers to keep the streets in a reasonably safe and passable condition under the circumstances, were such as are required of such officers and the city is not liable as for negligence. *Burr* v. *Plymouth,* 48 Conn. 460; *Hayes* v. *Cambridge,* 136 Mass. 402; *Harrington* v. *City,* 121 N. Y. 147.

*S. B. Bartlett* and *Benton, Lovell & Bradley,* for respondent.

The street commissioner knew of the character of the obstruction immediately after the accident. *Ouverson* v. *Grafton,* 5 N. D. 281, 65 N. W. Rep. 676; *Chacey* v. *Fargo,* 5 N. D. 173, 64 N. W. Rep. 932. Notice to the street commissioner is notice to the city. *Saylor* v. *City,* 39 Pac Rep. 653; *Patterson* v. *Austin,* 39 S. W. Rep. 976; *Powers* v. *Council Bluffs,* 50 Ia. 197. An application for a new trial on the ground of surprise should be viewed with caution and proof of surprise conclusively shown. *Gaines* v. *White,* 47 N. W. Rep. 524. A party failing to inform the Court of surprise and to apply for continuance because of surprise waives his right to object afterwards. *Turner* v. *Morrison,* 11 Cal. 21; *Washer* v. *White,* 16 Ind. 136; *Shellhous* v. *Ball,* 29 Cal. 608; *Dewey* v. *Frank,* 62 Cal. 343; *Bell* v. *Gardner,* 77 Ill. 319. The jury's verdict as to damages will not be disturbed unless unsupported by proof. *Halley* v. *Pelson,* 48 N. W. Rep. 219; *Taylor* v. *Jones,* 55 N. W. Rep. 593; *Franz Falk Brewing Co.* v. *Mielenz,* 37 N. W. Rep. 728. The fact that the injury was aggravated by disease does not require a specific instruction changing the measure of damages. *Stewart* v. *Ripon,* 38 Wis. 584; *Allison* v. *Chicago,* 42 Ia. 274; *Baltimore* v. *Kemp,* 61 Md. 74; *Jeffersonville* v. *Reilly,* 39 Ind. 568; *Houston* v. *Leslie,* 57 Tex. 83. The existence of the obstructed condition of the sidewalk for twelve or thirteen days before the accident was sufficient to show constructive notice. *Howe* v. *Lowell,* 101 Mass. 99; *Sheel* v. *Appleton,* 5 N. W. Rep. 27; *Scoville* v.

*Salt Lake City,* 39 Pac. Rep. 481; *Billings* v. *Worcester,* 102 Mass. 329; *Dooley* v. *Meridan,* 44 Conn. 117; *Pomfrey* v. *Saratoga Springs,* 104 N. Y. 459. It was neglect on the part of the defendant to permit accumulations of snow · upon the sidewalk. *Wyman* v. *City,* 34 Atl. Rep. 621; *Koch* v. *Ashland,* 60 N. W. Rep. 990; *Huston* v. *Council Bluffs,* 69 N. W. Rep. 1130; *Adams* v. *Chicopee,* 18 N. E. Rep. 231; *City* v. *Niles,* 12 Pac. Rep. 632; *City* v. *Smith,* 45 N. W. Rep. 41; *City* v. *Cox,* 62 N. W. Rep. 66. The question as to whether the city used due diligence is settled by the jury's verdict. *Black* v. *Walker,* 7 N. D. 414, 75 N. W. Rep. 787; *Taylor* v. *Jones,* 3 N. D. 235. If the place be so described in the notice to the city that it can be identified with reasonable diligence, it is sufficient, and its sufficiency is not to be determined upon its merits alone but in the light of extraneous evidence of situation and surroundings. *City* v. *O'Brien,* 77 N. W. Rep. 76; *Hutchings* v. *Inhabitants,* 37 Atl. Rep. 883; *Cross* v. *City,* 33 N. Y. Supp. 947; *Steadman* v. *City,* 34 N. Y. Supp. 737; *City* v. *Barron,* 39 Pac. Rep. 989; *Werner* v. *City,* 28 N. Y. Supp. 226; *Hyme* v. *Village,* 58 N. Y. 413; *Laird* v. *Town,* 62 N. W. Rep. 1042; *Blackington* v. *Rockland,* 66 Me. 322; *Laue* v. *Madison,* 57 N. W. Rep. 93. Physical and mental pain, present and future, are proper elements of damage. 8 Am. & Eng. Enc. L (2d Ed.) 660 to 665; 1 South. Dam. (2d Ed.) § § 419, 421.

BARTHOLOMEW, C. J. Action against a city to recover for personal injuries resulting from a fall occasioned by an alleged obstruction of snow and ice upon the sidewalk. Verdict for plaintiff, new trial denied, judgment upon the verdict, and defendant appeals.

Section 2172, Rev. Codes, declares: "All claims against cities for damages or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street, crosswalk, sidewalk, culvert or bridge of any · city, or from the negligence of the city authorities in respect to any such street, crosswalk, sidewalk, culvert or bridge, shall, within sixty days after the happening of such injury or damage, be presented to the mayor and common council of such city by a writing signed by the claimant and properly verified, describing the time, place, cause and extent of the damage or injury." The two following sections make a failure to give the notice as specified an absolute bar to any recovery. A notice was given in this case in due time. It located the obstruction, and consequent fall, upon the sidewalk "in front of the southwest corner of lot seven, block fifteen, First addition to the City of Casselton." Lot 7 is the southwest corner lot in said block. It faces west on Fifth avenue. Third street runs along the south side of lot 7. The notice therefore located the injury at the intersection of these thoroughfares at the southwest corner of said lot 7, and such was the wording of the original complaint. The undisputed testimony showed that the accident occurred at a point 100 feet north from said corner. At the close of her evidence, plaintiff, by her counsel, asked leave to amend her complaint, to

locate the obstruction and injury to correspond with the evidence. This was opposed by defendant upon the ground that it was a departure from the notice. The amendment was allowed. Defendant moved to dismiss the action upon the ground of the insufficiency of the notice, and also moved for a directed verdict upon the same ground. These motions were denied, and the Court instructed the jury as follows: "The question here for you to determine is whether the description in the notice was sufficiently accurate to warn the defendant of the locality of the injury, and thus permit it to take such action as the law would require in the premises. To determine this fact, you are to consider the evidence as to the premises, and the nearness or distance of the location, as given in the notice, to the exact place of the injury, and the probability whether the notice, given in the form it was, was sufficient to direct the defendant to the exact location of the injury. If it was not, then you must find for the defendant." To this instruction there was an exception. It will thus be seen that the defendant at all times raised the question of the legal sufficiency of the notice. It is defendant's contention that the sufficiency of the notice was, under the circumstances of the case, purely a question of law, and as matter of law the notice was insufficient. Defendant is clearly correct in both positions. It will be observed that there is no uncertainty or ambiguity in the notice concerning the place where the obstruction existed and the injury occurred. The language describes one place, and describes it so certainly that it necessarily excludes every other place. There is no room for construction, no room for doubt, no room for variation. Where the language used in the notice is of doubtful meaning, and honest minds might differ concerning it (*Carr* v. *Ashland*, 62 N. H. 665), or where the notice does not purport to locate the place with accuracy, but only generally as between different points (*City of Lincoln* v. *O'Brien* [Neb.] 77 N. W. Rep. 76), or including a considerable extent of highway (*Fopper* v. *Town of Wheatland*, 59 Wis. 623, 18 N. W. Rep. 514), or on a bridge of considerable length (*Lyman* v. *Hampshire Co.*, 138 Mass. 74), it may be proper, under appropriate instructions, to permit the jury to say whether or not the notice given, aided by the inquiries suggested by it, was sufficient to enable the city authorities, acting with reasonable diligence, to locate the point. It was doubtless a consideration of these cases that led the learned trial court to submit the matter to the jury in this case. But such cases can have no application here, for very obvious reasons. No question could arise as to what place the notice described, and intended to describe. In *Carr* v. *Ashland*, supra, the Court said: "Whether the exact place where it is claimed the damage was received is sufficiently designated in the notice is a preliminary question of law and fact to be determined by the Court." In *Law* v. *Fairfield*, 46 Vt. 425, a notice that plaintiff "had been injured on the road leading from Fairfield Center to East Fairfield" was held insufficient, as matter of law. In *Babcock*

v. *Guilford,* 47 Vt. 519, notice was held insufficient as to place as matter of law; also, in *Reed* v. *Calais,* 48 Vt. 7; *Bean* v. *Concord,* Id. 30; and *Holcomb* v. *Danby,* 51 Vt. 428. The case of *Learned* v. *Mayor, etc.* (Sup.) 48 N. Y. Supp. 142, is strictly in point. There the notice alleged that the injury was received on the sidewalk "immediately adjacent numbers 164 and 166, West One Hundred and Thirty-First street." The evidence disclosed that the injury was received in front of Nos. 264 and 266, West 131st street, or just one block distant from the point named in the notice. The trial court dismissed the action for insufficient notice, and plaintiff appealed. The Supreme Court said: "The notice was misleading, and such as the statute contemplated. To hold it sufficient would defeat the very object of the legislature, which was to protect the municipality from claims like the one made, by enabling its officials to examine the locus in quo without delay, obtain witnesses, and make diagrams or photographs of the place, to be used in case they determined that the claim ought to be resisted. The statute is mandatory that the notice shall state 'the time and place at which the injuries were received,' and that no action shall be maintained against the municipality unless such notice shall have been given; and such notice is in the nature of a condition precedent to the right of recovery. *Reining* v. *City of Buffalo,* 102 N. Y. 308, 6 N. E. Rep. 792; *Curry* v. *Same,* 135 N. Y. 366, 32 N. E. Rep. 80. Where the language of a statute is definite, and has a precise meaning, it must be presumed to declare the intention of the legislature, and it is not allowable to go elsewhere in search of conjecture to restrict or extend its meaning. *Johnson* v. *Railroad Co.,* 49 N. Y. 455; *People* v. *Supervisors of Greene,* 13 Abb. N. C. 421; *Cook* v. *Kelley,* 12 Abb. Prac. 35." In that case, also, the complaint correctly stated the locality, but the Court said: "A good complaint does not cure a defective notice, when the latter is the foundation upon which the right to maintain the action depends."

Respondent insists, however, that the notice stated that the injury was caused by an obstruction of ice and snow upon the sidewalk, and that such obstruction would locate the place. Under the holding in *Laird* v. *Town of Otsego,* 90 Wis. 25, 62 N. W. Rep. 1042; *Brown* v. *Town of Southburg,* 53 Conn. 212, 1 Atl. Rep. 819, and *McCabe* v. *City of Cambridge,* 134 Mass. 484, this would be true, if the notice were uncertain, and it appeared from the evidence that there was only one obstruction of ice and snow in that vicinity. Unfortuately for respondent, just the contrary appears. That section had been visited a few days earlier by a snowstorm of almost unprecedented extent and severity. Nearly all the sidewalks in the city were obstructed. Obstruction was then the rule, rather than the exception. But had the officers of the appellant, aided by the notice, sought to find the obstruction, they might with equal propriety have searched in any direction from "the southwest corner of said lot 7." Moreover, the notice was not given for nearly 60 days. Was it reasonable to suppose that an obstruction of snow

and ice could still be identified? But in fact the officers of appellant were under no obligation to go in search of an obstruction. The notice located the obstruction, definitely; and if, upon investigation, appellant learned that there was no obstruction at that point at the time of the alleged injury, it was warranted in concluding that respondent was mistaken as to the manner in which she had been injured. We are entirely clear that when respondent amended her complaint, alleging that the injury occurred 100 feet north of the point fixed by the notice, it became the duty of the Court to dismiss the complaint, by reason of the defective notice. That the statute requiring that the notice must state the place of the injury is mandatory, and that compliance therewith is a condition precedent to the maintenance of any action, have been often held. In addition to cases already cited, see *Underhill* v. *Town of Washington*, 46 Vt. 771, where it is said: "The statute is mandatory in form, and declares that no action [in this class of cases] shall hereafter be maintained in any court in this state, unless this preliminary act shall be done within the time specified. The place where the injury occurred is a cardinal and special requirement of the statute, and, if this requirement can be supplied by parol evidence, then may all, and the statute be annulled and utterly disregarded. We think parol evidence not admissable to supply a legal requirement of the written notice." In *Sowle* v. *City of Tomah*, 81 Wis. 353, 51 N. W. Rep. 572, it is said: "It is quite immaterial that some of the city officers were at the place of injury immediately after the accident, and knew precisely where it occurred. The statute does not provide that such knowledge or any other extraneous circumstances will dispense with the necessity of giving the prescribed notice. That must be given in every case coming within the terms of the statute, or the right of action is gone." The judgment of the District Court is reversed, and that court is directed to enter a judgment dismissing the complaint. Reversed. All concur.