(64 App. Div. 84.)

### DE VORE v. CITY OF AUBURN.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. MUNICIPAL CORPORATIONS—ACTIONS FOR PERSONAL INJURIES—NOTICE OF INTENT TO SUE.

Auburn City Charter, § 140, provides that no action shall be maintained against such city for any personal injury resulting from a defective sidewalk unless a written notice of the injury, with notice of an intent to sue the city therefor, shall be filed in the city clerk's office within 60 days after such injury, is not complied with by merely say-

ing to the clerk at the time of filing notice of injury that it is the party's intention to bring suit.

**2. SAME—CHARTER—APPEAL.**

Laws 1897, c. 172, providing that said charter (section 140) shall be amended to read that no action shall be maintained for any injury caused by the negligence of such city unless the notice of the injury and of an intent to sue be filed with the city clerk, and that all existing rights under present laws are reserved, does not repeal said section 140, so as to make it unnecessary to file a written notice of an intention to sue for injuries received on a defective sidewalk.

Appeal from trial term, Cayuga county.

Action by John De Vore against the city of Auburn. Verdict for defendant, and plaintiff moves for a new trial on exceptions. Exceptions overruled, and judgment ordered on the verdict.

The action was commenced on the 14th day of September, 1896, to recover damages against the defendant for its alleged negligence in permitting a sidewalk upon one of its public streets to be and remain in a defective and dangerous condition, by reason of which the plaintiff on the 23d day of July, 1896, fell and sustained injury. The defendant, by its answer, denies knowledge of the injury, or that it was guilty of negligence, and it alleges "that the plaintiff did not within sixty days file in the office of the city clerk a notice of the injury, accompanied by a notice of an intention to commence an action against the city therefor."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

John D. Teller, for plaintiff.
L. A. Pierce, for defendant.

McLENNAN, J. The evidence presented a question of fact, as to whether or not the sidewalk in question was defective, whether its condition was known or ought to have been known by the defendant in the exercise of ordinary care and prudence, and also as to whether or not the plaintiff was free from contributory negligence. The motion for nonsuit was granted upon the sole ground that there was no proof that the plaintiff had filed with the city clerk a written notice of intention to commence an action against the defendant to enforce his claim within 60 days after the happening of the accident, as required by the charter. This presents the only question which need be considered upon this appeal.

Section 140 of the charter of the city of Auburn (being chapter 536 of the Laws of 1895) provides:

"No action shall be maintained against the city of Auburn for any personal injury resulting from a defective or dangerous sidewalk unless a written notice signed by the person injured, his agent or legal representative, specifying the character of such injury, the time when and the place where the same was received, accompanied by notice of an intention to commence an action against the city therefor, shall be filed in the office of the city clerk within sixty days after such injury."

The section further provides:

"The city clerk shall report all such notices filed in his office, and all notices filed in his office of the defective or dangerous condition of sidewalks, to the common council at its next meeting after such filing."

By chapter 172 of the Laws of 1897 the section was amended so as to apply to all actions of negligence, and to require both notices to be filed with the city attorney.

On the 8th day of August, 1896, and within 30 days after the happening of the accident in question, the plaintiff filed in the office of the city clerk a paper in the following words and figures, viz.:

"The City of Auburn to John M. De Vore, Dr.: To damages sustained in breaking an arm, dislocating a wrist, and being bruised and otherwise injured from a fall upon a plank sidewalk in front of premises No. 17 Wood street, in said city of Auburn, on the 23d day of July, 1896,—said fall being caused by the turning up of a plank in said walk, which had become rotten, loose, and unsafe through the negligence of the officers and agents of said city having the same in charge,—$1,000."

This statement was subscribed and sworn to by the plaintiff before a notary public on the 27th day of July, 1896; and at the time it was delivered to the city clerk the plaintiff said to the latter, "I am going to sue the city, and this is the bill or notice of my damages."

We think the motion for a nonsuit was properly granted by the learned trial court. The provision of the statute is explicit. It requires a notice to be filed with the city clerk specifying the character of the injury, and the time when and the place where the same was received, and such notice is required to be accompanied by a notice of intention to commence an action against the city therefor; and the city clerk is required to report all such notices filed in his office to the common council at its next meeting. Not only do the words of the statute, in terms, require such an accompanying notice to be filed, but the reason for such requirement is apparent. It is for the purpose of enabling the common council to know not only what injuries have been received by reason of the defective condition of its streets or sidewalks, but also to know whether any or who of the injured parties intend to seek to enforce the liability existing against the city for such injuries by action. But it can hardly be useful to consider whether or not the requirements of the statute serve any good or useful purpose. The filing of such notice within the time specified is made a condition precedent to the right of recovery. Clearly, the legislature had the right to impose such a condition, and no reason is apparent why a forced or strained construction should be placed upon the language of the statute for the purpose of relieving a litigant from the necessity of complying with the plain terms thereof. The plaintiff was not misled. He made no attempt to serve or file a written notice of intention to commence an action. There is nothing to indicate that the notice filed by him was treated by the clerk or the city authorities as a notice which complied with the terms of the statute. We think the contention of the able counsel for the plaintiff that the verbal notice given was a sufficient compliance with the statute is not tenable. The words in the section, "written" and "filed," apply to the notice of intention as well as to the notice of injury which it is required to accompany. And by the use of these words we may assume that it was the intention of the legislature to re-

quire that claims of the character of the one in question should be put in definite form, so that the common council, to whom they were required to be transmitted, should know definitely not only the nature of the claim, but the intention of the injured party in respect to the prosecution thereof by action.

The case of Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, is easily distinguishable from the case at bar. In that case the plaintiff endeavored to comply with the provisions of the statute, and it was understood by the corporation counsel to have done so. The claim was entitled as in a legal proceeding, and was signed by the attorneys for the claimant, as such, with their office address; thus giving notice that it was already in the hands of the attorneys for enforcement. It was filed in the office of the corporation counsel, and was received by him as a compliance with the statute, and was entered in his books as a notice of intention to commence action under chapter 572 of the Laws of 1886. The court held that, under those circumstances, there was a substantial compliance with the statute by the plaintiff in that case. In the case of Missano v. City of New York, 160 N. Y. 123, 54 N. E. 744, the notice under discussion complied with the statute, but the statute required that it be filed in the corporation counsel's office. The notice was filed by the plaintiff with the comptroller, and by him sent to the office of the corporation counsel, who upon its receipt filed it in his office. He notified the claimant to appear for examination, and examined him, with reference to the claim he had thus presented. Such filing was deemed by the court of appeals sufficient, because of the fact that the corporation counsel received and filed the notice; and it was held to be unimportant that he got it from the comptroller, rather than from the plaintiff in the action. But as we have seen in the case at bar there was no attempt on the part of the plaintiff to comply with the requirements of the statute to which attention has been called, and there was no understanding on the part of the city clerk that it had been complied with, or that the plaintiff intended or was attempting to comply with the same. The facts of the case are analogous to the facts in Babcock v. Mayor, etc., 56 Hun, 196, 9 N. Y. Supp. 368. In that case the action was based on negligence. The plaintiff had filed a claim, as required by the charter of the city of New York, with the comptroller, for audit and payment. The claim was sent to the corporation counsel for the purpose of having the claimant examined as authorized by section 123 of the charter of the city of New York. The notice of intention required by chapter 572 of the Laws of 1886 to be filed with the corporation counsel was not filed, and it was contended that there was nothing in the act which prevented compliance with the provisions of both acts by a single notice, and that, as the act did not specify who should file the claim with the law officer, the sending it to him by the comptroller was a filing with him, and a substantial compliance with the statute. The court said:

"But the difficulty with this position of the plaintiff is that she did not pretend to comply with the requirements of the act of 1886 by the notice

served on the comptroller. * * * There was no attempt upon the part of the plaintiff to comply with the provisions of the act of 1886, and simply because the notice happened to come into the possession of the corporation counsel it cannot be claimed that there was any compliance with the act of 1886."

We think that the contention of the learned counsel for the plaintiff that section 140 of the charter, providing that no action shall be maintained against the city unless notice be filed with the city clerk of an intention to commence an action, having been repealed by chapter 172 of the Laws of 1897, a compliance with the provisions of such section is unnecessary, is untenable, especially in view of the fact that chapter 172 of the Laws of 1897 provides, "All existing rights, both public and private, under prescribed laws are hereby expressly reserved." It follows that the plaintiff's exceptions should be overruled, the motion for a new trial denied, and judgment ordered for the defendant, with costs.

Plaintiff's exceptions overruled, motion for a new trial denied, and judgment ordered on the verdict, with costs. All concur.