D. T. SOLLENBARGER, Administrator of the Estate of VIOLA HERRON, Deceased, v. THE INCORPORATED TOWN OF LINEVILLE, IOWA, Appellant.

Municipal corporations: SIDEWALK ACCIDENT: NOTICE: DESCRIPTION
1 OF PLACE. The notice to be served upon a city specifying the time, place and circumstances of a sidewalk accident, to preserve a right of action therefor for more than sixty days, must be wholly in writing and must describe the place with sufficient definiteness to enable a person of ordinary capacity and with knowledge of the physical conditions of the street, when in the exercise of reasonable diligence, to locate the place of injury from the description contained in the notice.

Same. The description in the notice cannot be aided by oral proof
2 that the municipal authorities were verbally advised of the precise place of accident.

Same. Where an accident occurs because of a loose board, proof
3 that there was but a single board loose in the walk on the street designated in the notice might within reasonable limits be good, but where the only reference to the place of accident was a certain street three-fourths of a mile long the notice was insufficient, for the authorities are not required to search the entire street.

Same: SUFFICIENCY OF NOTICE: HOW DETERMINED. Where the place of
4 accident described in a notice given the municipality is wholly indefinite and uncertain, and there is no extrinsic evidence in aid of the notice, its sufficiency is a question of law.

*Appeal from Wayne District Court.—*Hon. H. M. Towner, Judge.

Friday, February 12, 1909.

Action for damages resulted in a judgment. There-after plaintiff died, and the administrator of her estate was substituted as party plaintiff. The defendant appeals.—*Reversed.*

*Tedford & Carter,* for appellant.

*Poston & Murrow,* for appellee.

Ladd, J.—Viola Herron resided on the south side of West Third Street in the defendant town, and in the first house east of Jones Street. She had put in a garden on a lot on the north side of the street, and at two or three o'clock in the afternoon of June 8, 1906, started with an armful of pea sticks from her back yard to go across to the garden. Upon reaching the walk on the south side of the street she stepped on it, a loose board flew up, tripping her, and she fell. To her claim for damages the defendant interposes but two objections on this appeal: (1) That the action is barred by the statute of limitations; and (2) that she was guilty of negligence contributing to her injury. Only the first part of these need be considered. The action was not begun until October 18, 1906, more than three months subsequent to the injury, so that, "unless written notice specifying the time, place and circumstances of the injury shall have been served upon" the town "within sixty days from the happening of the injury," the action is barred. A paper in words fol-lowing was delivered to the mayor and members of council in session on July 11, 1906.

Lineville, Iowa, July 11, 1906.

Town of Lineville, Iowa, to Mrs. Joseph Herron, Dr.

To damages resulting from injuries received from
    falling on defective sidewalk, on West Third
    Street, Lineville, Iowa, June 8, 1906...... $158.00
    More particularly itemized as follows:

To 24 days' time during which she was absolutely
    unable to perform any labor, or her usual voca-
    tion . . . . . ...................................... $ 24.00

To doctor's bill for treatment and medicine....   10.00

To damages for suffering and pain as result of
    injuries . . . . . ........................   100.00

To 8 weeks' time at one-half pay............  : 24.00

    Total . . . . . ........................ $158.00

The sufficiency of this notice is challenged on three
grounds:   (1) It was not signed; (2) it does not suffi-
ciently describe the place where the injury occurred; and
(3) it fails to state the circumstances of
the injury. The first objection, omission of
signature, is disposed of by *Neely v. Maple-
ton*, 139 Iowa, 582. The place is described
in the notice as "on West Third Street, Lineville, Iowa."
This street was three-fourths of a mile in length. Mani-
festly the notice alone was altogether too general to indi-
cate the place of the accident. Courts have repeatedly de-
clared that no more than reasonable certainty is required,
but that much ought not to be dispensed with. To exact
less would defeat the very purpose of the statute in many
cases and in all annul the requirement that the notice be
in writing. Though its object is to apprise the authorities
of the location of the defect in the street, and of the time
and circumstances of the injury, to the end that they may
investigate while the facts are fresh, nevertheless it is a
condition essential to avoid the bar of the statute, and to

1. MUNICIPAL
CORPORATIONS:
sidewalk acci-
dent: notice:
description
of place.

be effective must be in writing. *Giles v. City of Shenandoah,* 111 Iowa, 83; *Sachs v. Sioux City,* 109 Iowa, 224. Undoubtedly the description of the place as contained in the notice may be aided by proof of conditions as they exist, but the better-considered cases are to the effect that the notice must be sufficiently definite in itself to enable a person of ordinary capacity, with knowledge of the physical condition of the streets, in the exercise of reasonable diligence, to locate the place of the injury. Thus in *Barribeau v. City of Detroit,* 147 Mich. 119 (110 N. W. 512) the court held that "to be legally sufficient, a notice must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice. . . ." This rule permits a construction of the statute provision which does not emasculate it, and one which is in accord with the opinions of the courts. In New Hampshire the rule is thus stated: "If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can by the exercise of reasonable diligence and without other information from the plaintiff find the exact place where it is claimed the damage was received, it is in this respect sufficient, because it fully answers the purpose of the statute," and whether this may be done is ordinarily a question for the court. *Carr v. Ashland,* 62 N. H. 665.

In *Maloney v. Cook,* 21 R. I. 471 (44 Atl. 692) the place was described as "the southerly side of Church Street" in Woonsocket. The street was a quarter of a mile long, and the notice was adjudged insufficient, even though it appeared that within the sixty days within which the notice was required to be served plaintiff's counsel explained to the committee on claims particularly the place where the accident happened, and the city was fully informed thereof, the court saying that: "If the defect in the notice required by that statute could be cured in this

way, we agree that under the evidence it would now be sufficient. But as the giving of the notice provided for is a condition precedent to the beginning of the action, for the court to say that it can be amended in this way would be to render the statute of no avail. We feel compelled to hold, therefore, that the notice was insufficient." In *Shea v. Howell,* 132 Mass. 187, the notice that the injury was caused by a defect in a named street was held insufficient, the court saying: "It would violate the provisions, and defeat the purposes of the statute, if the plaintiff were permitted to supply the deficiencies of the written notice by proof that the city or its officers had oral information from her, or from any other source, of the time, place and cause of her injury, and the court rightly rejected the evidence offered by her for the purpose. The notice can not be partly written and partly oral. It must be wholly in writing, and its sufficiency is to be determined by the court." To the same effect see *Sowle v. City of Tomah,* 81 Wis. 353 (51 N. W. 572); *Trost v. City of Casselton,* 8 N. D. 534 (79 N. W. 1071), and *Underhill v. Town of Washington,* 46 Vt. 771, where it is said: "The statute is mandatory in form, and declares that no action shall hereafter be maintained in any court of this State unless this preliminary act shall be done within the time specified. The place where the injury occurred is a cardinal and special requirement of the statute; and, if this requirement can be supplied by parol evidence, then may the statute be annulled and utterly disregarded. We think parol evidence not admissible to supply a legal requirement of a written notice." The statutes exacting notice differ somewhat from ours in some States, in that the notice is a condition precedent to the maintenance of the action, but the purpose is not different from that in statutes like that of this State.

The cases relied on by appellee, save one, do not support the contention that the notice may be aided by oral

evidence that the municipal authorities were advised oral-
ly of the place where the accident happened.

2. SAME.    In *Lincoln v. O'Brien*, 56 Neb. 761 (77
N. W. 76) the notice described the place where complain-
ant stepped into a hole as on the north side of Q. Street
between Eighteenth and Twentieth Streets, and as the
only holes in the walk were in front of a vacant lot between
Eighteenth and Nineteenth Streets, the court held the
notice sufficient, saying that "in examining the rather
numerous cases on the subject certain principles will be
found to run through all.   One is that it is sufficient, as
above stated, if the place be so described that from that
description it can be identified with reasonable diligence.
Another is that the sufficiency of the notice is not to be
determined from its terms alone, but in the light of ex-
traneous evidence of the situation and surroundings."   A
like decision is *Connor v. Salt Lake City*, 28 Utah, 248
(78 Pac. 479).   Some reliance is placed on *Owen v. City
of Ft. Dodge*, 98 Iowa, 281, where extrinsic evidence was
received, not to supplement the notice, but to show that
the city was not misled by it.   As there said, it need not
point out the exact spot, but if, notwithstanding inaccura-
cies, it contains the necessary information to enable the offi-
cers of the city to locate the place, it is good, and that they
did find it is mentioned merely as a fact confirming the
sufficiency of the notice.   In *Rusch v. City of Dubuque*,
116 Iowa, 402, evidence that defendants investigated the
very walks described in the notice was held sufficient to
obviate any prejudice from failure "to locate the place
within the few feet mentioned."   In *Buchmeier v. City of
Davenport*, 138 Iowa, 623, the place was described "as
a crossing at Ninth and Warren Streets," and as it did
not appear that there was more than one crossing at the
intersection of these streets, it was held that the trial court
erred in directing the jury that the notice was insufficient.
The description was adjudged sufficient if, when applied

to existing conditions as proven on the trial, it would enable the officers to locate the place of the accident. The possible exception referred to is *Cook v. Topeka,* 75 Kan. 534 (90 Pac. 244), where description of one place was allowed to be supplemented by oral evidence that the officers ascertained, on investigation in pursuance of the notice, that the accident happened at another, whether sound, is not involved in this case.

Appellee argues that as only one loose plank in the walk on either side of the street was proven, this with the notice was sufficient to identify the place. Within reasonable limits the argument may be good, as when the side of the street is given and the place is within a block or two, as in *City of Lincoln v. O'Brien, supra,* and *Connor v. Salt Lake City, supra,* but the municipal officers are not bound to look up one side and down the other of a street three-fourths of a mile long to ascertain whether there is more than one point where a plank may be loose in order to ascertain the possible place intended by a defective notice. The mere statement indicates that a notice requiring this is not reasonably certain.

3. SAME.

It is urged, however, that the issue was for the jury, and this is sometimes so when the notice, in connection with proof of the situation, and surroundings of the locality in connection with the description, raises an issue as to whether the place is pointed out with reasonable certainty; thus where the language of the notice is of doubtful meaning, and honest minds might differ concerning it (*Carr v. Ashland,* 62 N. H. 665), or where the notice does not purport to accurately locate the place, but generally, as between two near points, *City of Lincoln v. O'Brien,* 56 Neb. 761 (77 N. W. 76), or on a bridge of considerable length (*Lyman v. Hampshire County,* 138 Mass. 74). In cases of this kind, and perhaps others, it may be proper to per-

4. SAME: sufficiency of notice: how determined.

mit the jury under suitable instructions to say whether the notice given when aided by inquiries suggested therein was sufficient to enable the city authorities, acting with reasonable diligence, to locate the place. The extrinsic evidence relating to the street in the case at bar left the notice entirely indefinite and uncertain as to locality, so that there was no issue to be submitted. It went to the jury on the theory that if the paper in connection with the oral explanation of plaintiff's agent, made to the counsel of the defendant when the paper was presented, pointed out the place with reasonable certainty, this would be sufficient compliance with the provisions of the law. This was tantamount to saying the notice might be partly oral and partly in writing, notwithstanding the requirement of the statute that it be in writing.

Because of there being no sufficient notice, the cause of action was barred by the statute of limitations, and a verdict for defendant should have been directed.—*Reversed.*