## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* PECK.

[No. 21,407. Filed March 9, 1909.]

APPEAL.—*Transfer.—Constitutional Question.*—Where a cause presenting a constitutional question which has been firmly settled is appealed to the Supreme Court, the jurisdiction of which but for such question would be in the Appellate Court, the cause will be transferred to the Appellate Court.

From Cass Circuit Court; *Joseph M. Rabb,* Special Judge.

Action by Charles M. Peck against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. (See same case on former appeal—165 Ind. 537.) From a judgment on a verdict for plaintiff for $4,000, defendant appeals. Transferred from the Appellate Court under §1397 Burns 1908, Acts 1901, p. 565, §13 (see 43 Ind. App. 316). *Transferred to the Appellate Court.* (Transferred again to the Supreme Court [see 44 Ind. App. 62]. Transferred again to the Appellate Court [see 172 Ind. 562]. Transferred again to the Supreme Court [see 44 Ind. App. ——].

*George E. Ross,* for appellant.

*Kistler & Kistler,* for appellee.

PER CURIAM.—The constitutional validity of section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908) has been firmly settled by the Supreme Court of this State and also by the Supreme Court of the United States. The assertion of appellant's counsel that this section is unconstitutional will not serve to lodge the jurisdiction over this appeal in the Supreme Court, which, otherwise, would be in the Appellate Court. It is therefore ordered that this cause be transferred to the Appellate Court. See *Pittsburgh, etc., R. Co.* v. *Rogers* (1907), 168 Ind. 483.