# TOUHEY v. CITY OF DECATUR.

[No. 21,613.   Filed January 6, 1911.]

1. HIGHWAYS.—*Construction and Maintenance of.*—*State Function.*
   —*Delegation of.*—The maintenance and repair of highways is a
   state function, but it may be delegated to local subdivisions, or
   municipalities.   p. 100.

2. MUNICIPAL CORPORATIONS.—*Streets.*—*Defects.*—*Liability.*—*Stat-
   utes.*—Liability of cities and towns for defective streets, alleys,
   highways and bridges, is implied from the statutes imposing upon
   them the duty of keeping such streets, alleys, highways and
   bridges, in repair; and such liability may be limited or wholly
   removed at the pleasure of the legislature.   p. 100.

3. MUNICIPAL CORPORATIONS.—*Liability for Defective Streets.*—
   *Limiting.*—*Statutes.*—*Constitutional Law.*—Section 8962 Burns
   1908, Acts 1907 p. 249, providing that no action shall lie on be-
   half of any person injured because of a defective street, alley,
   highway or bridge, unless sixty days' notice thereof be given to
   the city or town, or if the injury be caused by snow or ice, thirty
   days' notice thereof, does not violate the 14th amendment to the
   federal Constitution, nor article 1, §23, of the state Constitution.
   p. 100.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Injuries.*—*Notice.*
   —*Complaint.*—A complaint against a city or town for damages for
   injuries sustained because of a defective street must allege that
   the proper notice of such injuries was given to such city or town
   in accordance with the provisions of the statute (§8962 Burns
   1908, Acts 1907 p. 249).   p. 101.

5. PLEADING.—*Complaint.*—*Statutory Rights.*—A person claiming
   the benefits of a statute must by allegation and proof bring him-
   self clearly within the provisions thereof.   p. 102.

6. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Injuries.*—*Notice.*
   —*Waiver.*—The notice required to be given to cities and towns
   (§8962 Burns 1908, Acts 1907 p. 249), in order to establish their
   liability for defects in streets, alleys, highways or bridges, can-
   not be excused for any reason, nor can it be shown by proof of
   actual notice otherwise, nor can it be waived by the municipality.
   p. 102.

From Adams Circuit Court; *James T. Merryman*, Judge.

Action by James Touhey against the City of Decatur.
From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Amos P. Beatty* and *David E. Smith*, for appellant.
*Lewis C. DeVoss* and *Clark J. Lutz*, for appellee.

MONKS, J.—Appellant brought this action on August 23, 1909, for injuries sustained on February 19, 1909, by falling through an opening in a sidewalk from which the grate or cover had been removed by a third person. The complaint was in two paragraphs. A demurrer for want of facts was sustained to each paragraph. Judgment was rendered on demurrer against appellant.

At the time of the injury sued for there was in force the following statute: "No action in damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this State, unless written notice containing a brief general description of the time, place, cause, and nature of such injury, shall, within sixty days thereafter, or if such defect consists of ice or snow, or both, within thirty days thereafter, be given to the clerk or mayor or members of the board of trustees of such city or town." §8962 Burns 1908, Acts 1907 p. 249.

It is not alleged in either paragraph of the complaint that appellant gave or caused to be given the written notice required by said section. As an excuse for the failure to give said notice, it is alleged in each paragraph " that, by reason of said injuries so received as aforesaid, this plaintiff was for more than sixty days thereafter rendered physically and mentally unable to give written notice containing a brief general description of the time, place, cause and nature of such injuries or to cause it to be given to the clerk, mayor or members of the common council of this defendant, but that said clerk, mayor and members of the common council of this defendant did have notice of the time, place, cause and nature of plaintiff's injuries within thirty days from the date they occurred, as a full and detailed account thereof was published in the Decatur Daily Democrat and the Daily Times, two daily newspapers of general circulation published

within the corporate limits of defendant city, and that said accounts were read by all the before-named officials of defendant city."

It is insisted by appellant (1) "that when the person injured was under such mental and physical incapacity as to make it impossible to give or procure such notice to be given, within the time provided in §8962, *supra*, the failure to give said notice is excused;" (2) "that said provision for notice is for the benefit of the city or town, that they may waive it, and that unless they take advantage of the failure to give notice by answer they have expressly waived such notice;" (3) "that §8962, *supra*, is in violation of the 14th amendment to the Constitution of the United States and of article 1, §23, of the Constitution of the State of Indiana."

1. The construction and repair of highways is a state function, and they may be constructed and kept in repair by the State, or, under state authority, by municipal subdivisions of the State within whose limits they may be located. *Lowe* v. *Board, etc.* (1901), 156 Ind. 163; *State, ex rel.*, v. *Board, etc.* (1908), 170 Ind. 595, 610, 611.

2. The liability of cities and towns for injuries resulting from defects in the streets, alleys, highways and bridges is implied from the provisions of the statutes which impose the duty upon such municipalities to keep the streets, alleys, highways and bridges in repair, and give them ample power to provide the means necessary to make such repairs. Said liability rests exclusively upon said statutes. It is competent for the legislature to limit or remove it entirely. The claim being a statutory one, it is clear that §8962, *supra*, providing the conditions upon which an action can be maintained, is not in violation of the 14th amendment to the Constitution of the United States, or of article 1, §23,

3. of the Constitution of this State. This is true, because a duty imposed by the legislature upon cities or towns, or a liability against them created by the legislature, may be qualified, limited or removed by that

body. No one complaining of the omission to perform such duty can successfully object to the qualifications and limitations imposed by the legislature.

Under §8962, *supra*, no action can be maintained for an injury "resulting from any defect in the condition of any street, alley, highway, or bridge," unless the written 4. notice required thereby is given. The provisions of said section are mandatory, and the giving of said notice is a condition precedent to a right of action. Facts showing the giving of the notice required by said section must therefore be alleged in the complaint, or it will be insufficient on demurrer. These propositions are sustained by the following authorities: *Crocker* v. *City of Hartford* (1895), 66 Conn. 387, 34 Atl. 98; *Forbes* v. *Town of Suffield* (1908), 81 Conn. 274, 70 Atl. 1023; *Bulkley* v. *Norwich, etc., R. Co.* (1908), 81 Conn. 284, 287, 70 Atl. 1021, 129 Am. St. 212; *Hoyle* v. *Town of Putnam* (1878), 46 Conn. 56, 61; *Fields* v. *Hartford, etc., R. Co.* (1886), 54 Conn. 9, 11, 4 Atl. 105; *Gardner* v. *City of New London* (1893), 63 Conn. 267, 28 Atl. 42; *Breen* v. *Town of Cornwall* (1900), 73 Conn. 309, 47 Atl. 322; *Trost* v. *City of Casselton* (1899), 8 N. D. 534, 538, 539, 79 N. W. 1071; *Underhill* v. *Town of Washington* (1874), 46 Vt. 767; *Jacobs* v. *City of East St. Joseph* (1908), 127 Mo. App. 669, 106 S. W. 1072; *City of Hastings* v. *Foxworthy* (1895), 45 Neb. 676, 63 N. W. 955, 34 L. R. A. 321, 350; *Schmidt* v. *City of Fremont* (1903), 70 Neb. 577, 97 N. W. 830; *Goddard* v. *City of Lincoln* (1903), 69 Neb. 594, 96 N. W. 273, and cases cited; *Ellis* v. *City of Kearney* (1907), 80 Neb. 51, 113 N. W. 803; *McCollum* v. *City of South Omaha* (1909), 84 Neb. 413, 121 N. W. 438; *Cunningham* v. *City of Denver* (1896), 23 Colo. 18, 45 Pac. 356, 58 Am. St. 212; *Gay* v. *City of Cambridge* (1880), 128 Mass. 387; *Kenady* v. *City of Lawrence* (1880), 128 Mass. 318; *Saunders* v. *City of Boston* (1897), 167 Mass. 595, 46 N. E. 98; *May* v. *City of Boston* (1890), 150 Mass. 517, 23 N. E. 220; *Shea* v. *City of Lowell* (1882), 132 Mass. 187; *Huntington* v. *City of Calais* (1909), 105 Me. 144, 73 Atl. 829; *Greenleaf* v. *Inhabitants of*

*Norridgwock* (1889), 82 Me. 62, 19 Atl. 91; *Low* v. *Inhabitants of Windham* (1883), 75 Me. 113; *Moulter* v. *City of Grand Rapids* (1908), 155 Mich. 165, 118 N. W. 919, and cases cited; *Erford* v. *City of Peoria* (1907), 229 Ill. 546, 553, 82 N. E. 374; *Lucas* v. *City of Pontiac* (1908), 142 Ill. App. 470, and cases cited; *Taylor* v. *Peck* (1909), 29 R. I. 481, 72 Atl. 645; *Hay* v. *City of Baraboo* (1906), 127 Wis. 1, 105 N. W. 654, 3 L. R. A. (N. S.) 84, 115 Am. St. 977; *Daniel* v. *City of Racine* (1898), 98 Wis. 649, 74 N. W. 553, and cases cited; *Sowle* v. *City of Tomah* (1892), 81 Wis. 353, 51 N. W. 571, and cases cited; *Morrison* v. *City of Eau Claire* (1902), 115 Wis. 538, 92 N. W. 280, 95 Am. St. 955; *Sollenbarger* v. *Town of Lineville* (1909), 141 Iowa 203, 119 N. W. 618, and cases cited; *Forsyth* v. *City of Oswego* (1908), 191 N. Y. 441, 445, 446, 84 N. E. 392, 123 Am. St. 605, 608, 609 and note; *Purdy* v. *City of New York* (1908), 193 N. Y. 521, 86 N. E. 560; *Winter* v. *City of Niagara Falls* (1907), 190 N. Y. 198, 204, 205, 82 N. E. 1101, 123 Am. St. 540, 543, 545; *City of Ft. Worth* v. *Shero* (1897), 16 Tex. Civ. App. 487, 490, 41 S. W. 704; *Williams* v. *City of Galveston* (1905), 41 Tex. Civ. App. 63, 90 S. W. 503; 28 Cyc. 1447–1449; 15 Am. and Eng. Ency. Law (2d ed.) 483–487; 3 Abbott, Mun. Corp. §§994, 1061, 1063; Elliott, Roads and Sts. (2d ed.) §§642, 643; 1 Shearman & Redfield, Negligence (5th ed.) §254.

It is well settled that when any one seeks the benefit of a statute, or to enforce a statutory right or liability, he must, by allegation and proof, bring himself clearly within its provisions. *Woodward* v. *State* (1910), 174 Ind. 743, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 102 Am. St. 185, 193, and cases cited.

The fact that the city officers named in §8962, *supra*, had notice of the time, place, cause and nature of appellant's injuries within thirty days, or within the sixty days given by said section, from a full and detailed account of said accident published in two daily newspapers of

general circulation published within the limits of said city, as alleged in each paragraph of the complaint, did not dispense with the necessity of giving the notice in writing required by said section.    Appellant's right to maintain an action must be determined from the sufficiency of his notice, and not by the fact that appellee obtained from other sources full knowledge of the time, place, cause and nature of the injury. *Crocker* v. *City of Hartford, supra,* and cases cited; *Gardner* v. *City of New London, supra; Kenady* v. *City of Lawrence, supra; DeVore* v. *City of Auburn* (1901), 71 N. Y. Supp. 747, 64 App. Div. 84; *Sowle* v. *City of Tomah, supra; McKeague* v. *City of Green Bay* (1900), 106 Wis. 577, 82 N. W. 708; *Trost* v. *City of Casselton, supra; Huntington* v. *City of Calais, supra; Underhill* v. *Town of Washington, supra;* 28 Cyc. 1453–1458; 15 Am. and Eng. Ency. Law (2d ed.) 484–487.

It has been held that the notice required by said section cannot be waived by the city or town.    *Batchelder* v. *White* (1907), 28 R. I. 466, 68 Atl. 320; *Startling* v. *Town of Bedford* (1895), 94 Iowa 194, 62 N. W. 674; *Veazie* v. *City of Rockland* (1878), 68 Me. 511; *Forsyth* v. *City of Oswego, supra; Purdy* v. *City of New York, supra; Winter* v. *City of Niagara Falls, supra;* 28 Cyc. 1452, 1453.

It follows from what we have said, and from the authorities cited, that the court did not err in sustaining the demurrer to each paragraph of the complaint.

Judgment affirmed.