## BLAIR *v.* CITY OF FORT WAYNE.

[No. 7,635.    Filed June 7, 1912.    Rehearing denied December 18, 1912.]

1. APPEAL. — *Jurisdiction.* — *Constitutional Law.* — The Appellate Court will assume jurisdiction of a case appealed thereto, although the constitutionality of a statute is questioned therein, where the act has been passed upon by the Supreme Court, and its constitutionality firmly settled. p. 655.

2. MUNICIPAL CORPORATIONS.—*Personal Injuries.*—*Defective Sidewalks.*—*Complaint.*—*Notice.*—An action against a city for injuries in falling through a defective sidewalk of a bridge is within §8962 Burns 1908, Acts 1907 p. 249, requiring written notice, embodying certain facts, to be given to the clerk or mayor of defendant city as a condition precedent, and, to withstand a demurrer, the complaint must allege facts showing that such notice was given. p. 656.

3. MUNICIPAL CORPORATIONS.—*Streets and Sidewalks.*—*Defects.*—*Actions.*—*Notice.*—The notice required by §8962 Burns 1908, Acts 1907 p. 249, as a condition precedent to bringing an action against a city for injuries resulting from defects in streets or sidewalks, cannot be waived, nor will actual knowledge by the mayor or clerk of a city, of all the facts required to be stated in such notice, dispense with the requirement of the statute. p. 656.

4. MUNICIPAL CORPORATIONS.—*Personal Injuries.*—*Defective Sidewalks.*—*Notice.*—*Complaint.*—*Sufficiency.*—The complaint in a former action by plaintiff against a city for personal injuries in falling through the defective sidewalk of a bridge, and the summons issued thereon, showing service on the comptroller of defendant city, although containing all the information required to be set out in the notice provided for by §8962 Burns 1908, Acts 1907 p. 249, did not constitute notice to the mayor or clerk of defendant city within the meaning of said act, so that the complaint, in plaintiff's subsequent action against defendant for such injuries, relying upon such former complaint and summons as constituting notice, was insufficient. p. 657.

5. APPEAL.—*Review.*—*Applicability of Question Presented.*—Appellant's proposition that the legislature did not intend that notice should be given defendant under §8962 Burns 1908, Acts 1907 p. 249, where the action is commenced within sixty days after the injury, is not applicable in an action for personal injuries caused by a defective sidewalk brought subsequently to the dismissal of plaintiff's prior action therefor and about two years after the injury occurred. p. 657.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Action by Harriett Blair against the city of Fort Wayne. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Arthur W. Parry* and *Harper & Eggeman,* for appellant.
*H. G. Hogan,* for appellee.

MYERS, J.—Appellant brought this action to recover damages for personal injuries sustained on August 1; 1907, by falling through a defective sidewalk of a bridge across St. Mary's river. A demurrer for want of facts, to the complaint, was sustained. Appellant refused to plead further, and judgment was rendered on demurrer in favor of appellee.

The question for decision is, Does the complaint allege facts showing that appellant gave appellee a written notice within sixty days after the happening of the accident, as required by an act of the General Assembly approved March 9, 1907 (Acts 1907 p. 249, §8962 Burns 1908) ?

On September 19, after the alleged injury happened, appellant commenced an action against appellee in the Allen Circuit Court, by filing in the office of the clerk of said court her complaint, and causing a summons to be issued and served on the comptroller of appellee, which summons is a part of the complaint. It commanded the sheriff of Allen county to summon the city of Fort Wayne personally to appear before the judge of the Allen Circuit Court; at the courthouse in the city of Fort Wayne, in Allen county, on September 30, 1907, to answer appellant's complaint for damages in the sum of $5,000. The complaint, on file at the time the summons was issued and sought to be made a part of the complaint before us by exhibit, stated in detail "the date, time, place, nature, cause and character of said injuries," and the defects in the bridge which caused the injuries; that, by means of the summons and complaint aforesaid, the mayor of said city of Fort Wayne, within sixty days after the accident, received notice of said injuries, and of the time, place, nature and cause thereof; that within sixty days after the accident, appellee appeared to said action, and on October 1, 1907, filed a demurrer to the complaint. Thereafter the demurrer was overruled, and appellee filed an answer, putting the cause at issue. Later the cause came on for trial, and at the conclusion of

appellant's evidence she dismissed the action without prejudice. On June 19, 1909, the complaint in the present action was filed.

At the time appellant received the injuries described in the complaint, the act of 1907, *supra*, was in force, which reads as follows: "That no action in damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this state, unless written notice containing a brief general description of the time, place, cause, and nature of such injury, shall, within sixty days thereafter, or if such defect consists of ice or snow, or both, within thirty days thereafter, be given to the clerk or mayor or members of the board of trustees of such city or town."

Before considering the questions properly within the jurisdiction of this court, it is only fair that we should state that the constitutionality of this statute is questioned on the ground that it is in violation of Art. 1, §23, of the Constitution of this State. For that reason we would hesitate to take jurisdiction of this appeal, were it not that the Supreme Court has held that the act thus questioned is not in violation of the 14th amendment to the Constitution of the United States, nor of Art. 1, §23, nor Art. 4, §19, of the Constitution of this State (*Touhey* v. *City of Decatur* [1911], 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *City of Franklin* v. *Smith* [1911], 175 Ind. 236, 93 N. E. 993; *Gribben* v. *City of Franklin* [1911], 175 Ind. 500, 94 N. E. 757), and the further holding of that court as to when the constitutionality will be deemed as *firmly settled* and not subject to challenge by counsel, so as to "lodge the jurisdiction over the appeal in the Supreme Court which otherwise would be in the Appellate Court." For a general discussion of the question as to when the constitutionality of a statute may be considered as settled, see *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 19, 87 N.

E. 644; *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 44 Ind. App. 62, 88 N. E. 627, and *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562, 88 N. E. 939.

Appellant contends (1) that the facts alleged in the complaint show notice to appellee, as required by statute; (2) that the legislature did not intend that notice should be given when an action for the recovery of damages, as in this case, was commenced within sixty days.

This case is within the statute requiring that written notice, embodying certain facts, be given the clerk or mayor of appellee, as a condition precedent to the maintenance of this action. The complaint, to withstand a demurrer for want of facts, must allege facts showing that such notice was given. It cannot be waived, nor will facts disclosing that either or both of such officers had actual knowledge of all the facts required to be given dispense with the requirements of the statute in this respect. *Touhey* v. *City of Decatur, supra,* and cases cited; *City of Franklin* v. *Smith, supra; Gribben* v. *City of Franklin, supra; Gay* v. *City of Cambridge* (1880), 128 Mass. 387; *Krall* v. *City of New York* (1899), 60 N. Y. Supp. 661, 44 App. Div. 259; *Sallenbarger* v. *Town of Lineville* (1909), 141 Iowa 203, 119 N. W. 618, 18 Ann. Cas. 991; *Borst* v. *Town of Sharon* (1898), 48 N. Y. Supp. 996, 24 App. Div. 599; *Ellis* v. *City of Kearney* (1907), 80 Neb. 51, 113 N. W. 803; *Trost* v. *City of Casselton* (1899), 8 N. Dak. 534, 79 N. W. 1071.

From the cases cited it may be considered as settled that the prescribed statutory notice is the foundation on which the right to maintain the action depends, and serves as a limitation on the right to a remedy against municipal corporations for injuries from defective streets. The underlying and controlling principle of these cases is well stated in the case of *Moulter* v. *City of Grand Rapids* (1908), 155 Mich. 165, 118 N. W. 919, as follows: "The right to re-

cover for injuries arising from want of repair of sidewalks, etc., is purely a statutory one in this state. It being optional with the legislature whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred any limitation it chose. Whether the limitations imposed are reasonable or unreasonable in such cases are questions for the legislature, and not for the courts.''

In the case before us, it is not claimed that the summons, which was the only notice served on any officer or representative of the city, was in compliance with the requirements of the statute. It was not even served on the clerk or the mayor, as the statute requires. It is contended that the complaint furnished the information required by the statute, but this information, though in the complaint, was not served on the clerk or the mayor, but is shown to have been filed with the clerk of the Allen Circuit Court. If it be a fact that the mayor or the clerk of appellee had personal notice of the facts in the complaint, yet that notice was not brought to their attention in the manner provided by the statute. Appellant sought to enforce a right given by statute, which must be denied, unless by the allegations of her complaint she is clearly within its provisions. *Town of Windfall City* v. *State* (1910), 174 Ind. 311, 92 N. E. 57; *Touhey* v. *City of Decatur, supra.* The notice relied on in this case is insufficient.

Appellant's second proposition cannot be sustained, for the reason that this action was not brought until about two years after the injury occurred. The action to which the proposition would apply was dismissed.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 736. See, also, under (1) 11 Cyc. 818; (2) 28 Cyc. 1470; (3) 28 Cyc. 1452; (4) 28 Cyc. 1453. As to the liability of municipal corporations for defective streets, see

103 Am. St. 257. As to the validity of a requirement of notice of injury as a condition of municipal liability, see 36 L. R. A. (N. S.) 1136. As to notice of claim and cause of injury as condition of municipal liability for defect in highway, generally, see 20 L. R. A. (N. S.) 757.